## THOMAS RICHARDS & another *vs.* JESSE F. RICHARDS.

*It seems* that a demurrer to a bill which alleges that a *cestui que trust* sold land, and directed the trustee to convey, admits that there was an agreement in writing for the sale and conveyance of the land.

A trustee, having a naked legal title in land, cannot be restrained in equity from asserting his title or conveying it away, or compelled to convey it to one to whom the *cestui que trust* has transferred his title, without proof of a written agreement, or joining the *cestui que trust* as a party to the bill.

BILL IN EQUITY to restrain the prosecution of a suit at law to recover possession of land in Attleborough, or any conveyance thereof, except to the plaintiffs, and to have the defendant declared the trustee of the plaintiffs, according to their interests in the land, and for other relief.

The bill alleged that in 1832 Samuel Richards purchased the land from Virgil M. Bosworth, paid him the price thereof, and entered into possession, but caused the deed to be made to his brother, the defendant; that Samuel thus became the equitable owner and the defendant held the legal title in trust

for him ; that subsequently Samuel, by various deeds, without consideration, conveyed all his real estate to sundry persons, among whom were this defendant and Elihu Daggett; but still remained the owner of the land, sold portions of it from time to time, and took the purchase money to his own use, and at his request deeds were made by the defendant and Daggett pursuant to such sales ; that afterwards, in 1835, Samuel sold a portion of the land to Thomas Richards, one of the plaintiffs, received the purchase money from him and directed Daggett to convey that portion to him, which Daggett did accordingly, and said Thomas entered upon and improved it; that at the time of this conveyance all the parties believed that the legal title of the land was in Daggett, in trust for Samuel, and that the defendant soon after the date of the conveyance knew of the purchase by Thomas ; that in 1843 Thomas conveyed the land to the other plaintiffs, and in 1844 took a life lease of it from the latter to himself; and that the defendant refused to release his title to the plaintiffs, claimed to hold the land as his own, and not in trust for Samuel Richards, denied the sale by Samuel to Thomas, and had brought a writ of entry against Thomas to recover the land. The defendant demurred generally.

C. I. Reed, for the defendant.

T. D. Eliot, for the plaintiffs.

BIGELOW, J.　This cause has been argued upon the admitted fact that there was no agreement in writing for the sale and conveyance of the premises, set out in the bill.　But for this admission, the question of the validity of such a contract, on the pleadings as they now stand, would not have been open.　Story Eq. Pl. § 762.　Cozine v. Graham, 2 Paige, 181.　Newton v. Swazey, 8 N. H. 13.

It seems to us quite clear, that the contract is within the statute of frauds, and that no action will lie upon it against the defendant alone, because it was not in writing.　It is an agreement with a cestui que trust, having the entire beneficial interest in a parcel of land, for its sale and conveyance by the trustee, who was seised of the naked legal title only.　This is clearly a contract for the sale of an interest in land, and it is well settled

that equitable as well as legal interests in land are embraced within the statute of frauds. *Smith* v. *Burnham*, 3 Sumner, 435.

We have not considered the question whether the facts set out in the bill, as to part performance of the verbal agreement, would be sufficient to warrant the court in taking cognizance of the case under *St.* 1855, *c.* 194, § 1, and enforcing the contract on the ground of fraud, because it is clear that the bill cannot be maintained for this purpose against the present defendant alone. Upon the allegations in the bill Samuel Richards, the alleged *cestui que trust*, is a necessary party. He has a direct interest in the subject matter of the suit; his rights will be affected by the final decree. Besides, the rights of the present defendant, the supposed trustee, require that his alleged *cestui que trust* should be joined as party, in order that he may be protected by the decree in this suit from any further claim by the *cestui que trust* on account of the estate in case he is compelled to convey it to the plaintiffs. *Demurrer sustained.*