## No. 5677.

## Lum Johnson *v.* J. M. Robinson & Co.

1. ASSIGNMENT.—A conveyance which contains no condition of defeasance and which passes the property absolutely to another to be administered by him according to its terms, first to pay a preferred debt from the proceeds of the property and to appropriate the balance to the satisfaction of other debts, can not be regarded as a mortgage, but must be treated as an assignment.

2. SAME.—Such deed of assignment, which contains nothing on its face to show that the assignor was insolvent, or made the conveyance in contemplation of insolvency, is not a statutory assignment. It did not purport to convey all the property of the assignor, and though its chief object was from its terms to secure a preferred creditor, there being no evidence of the intention to defraud, it must be held valid at common law.

3. SAME—PARTNERSHIP.—Such an assignment, made by one partner in a firm, the other partner being absent from the State, when made to secure a firm debt, is a valid conveyance.

4. SAME.—Such an assignment is not rendered invalid by the fact, that its execution was induced by threats of the assignee to attach the property of the assignor to enforce payment of his debt.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

*Barrett & Dougherty, Roberts & Eddelman* and *Stuart & Bailey,* for appellants, on their proposition, that the conveyance was an assignment, and void on its face, cited article 2465, Revised Statutes of Texas; Caton v. Moseley, 25 Texas, 374; Burr. on Assignments, chapter 1, pages 1, 17, and note 1; 1 Hilliard on Mortgages, 359; Gozzam v. Poynts, 37 American Decisions, 748; Bump on Fraudulent Conveyances, third edition, pages 330, 381, 382.

*Davis & Garrett,* for appellee, cited Van Hook v. Walton, 28 Texas, 59; Nave v. Britton, 61 Texas, 572; Hudson v. Wilkinson, 61 Texas, 607.

GAINES, ASSOCIATE JUSTICE. On the thirteenth day of March, 1884, E. N. Stone & Co., by E. N. Stone, a member of the firm, executed to J. M. Robinson & Co., an instrument conveying to them a stock of goods and authorizing them to sell the property

and to apply the proceeds first to the payment of the expenses of the trust and then to the discharge of a debt due by the assignors to the trustees, and to distribute the balance, if any, among their other creditors pro rata, if any. Certain creditors of Stone & Co. sued out attachments against their property and caused them to be levied by appellant (who was sheriff of the county), upon the goods conveyed.

Appellees brought this suit against the appellant to recover the value of the property so taken, and annexed a copy of the conveyance to their petition and made it a part thereof. Appellant demurred to the petition on the ground that the conveyance was void upon its face and conveyed no right to appellees to the property as against the creditors of Stone & Co. The demurrer was overruled and the ruling of the court excepted to and is now assigned as error.

The question of the validity of the instrument under which appellees claim, is also raised by an assignment complaining of the judgment of the court, and is the only serious question in the case. It is contended on behalf of appellees, that the instrument is a mortgage and not an assignment; but we think it can not be so held. A mortgage being merely intended as a security for debt, gives, under our system at least, merely a lien upon the property, with or without a power of sale, leaves an equity of redemption in the mortgagor, and the surplus, if any, after the payment of the debt, within the reach of his creditors by due process of law. An assignment, on the other hand, conveys to the assignee the entire estate of the assignor in the property to be disposed of y the trustee in such manner as the assignor may have lawfully directed. The mortgagor may vacate the mortgage at any time by a payment of the debt; but by an assignment the property passes beyond the control of the assignor in any event. It is true that should a surplus remain after paying the debt, a trust would result in favor of the assignor and the assignee would hold it for his benefit. But this is a result not contemplated by these conveyances. Tested by this distinction the conveyance under consideration is not a mortgage.

If it had provided that upon the payment of the debt of appellees, it should be void, or had provided that after a sale of a sufficiency of the property to pay that debt, the balance should be returned to the debtors, the construction claimed by appellees would be correct. But the conveyance contains no condition of

defeasance, and passes the property absolutely to appellants to be administered according to the purposes of the trust therein created—first to pay the debt of appellants, and then to distribute the balance of the net proceeds among the other creditors. This is an absolute transfer of the property, to be sold and the proceeds applied to the payment of the debts, and not merely a conditional transfer for the purpose of securing debts and defeasible upon condition of their payment. It may be, that if nothing had been said as to the disposition of the balance which should remain after paying the debt due appellees, the object of the conveyance being merely to secure the prompt settlement of that obligation, the law would have implied a defeasance, and the instrument would have been treated as a mortgage. (Stiles v. Hill, Fontaine & Co., 62 Texas, 429; Waterman v. Silberberg, 67 Texas, 100.) But the surplus is by the instrument placed at the disposal of the trustees, in the event there should be other creditors, and hence, we think, it must be considered an assignment.

But treating the instrument as an assignment, the question recurs : Is it void upon its face? It is clearly not in compliance with the act of March 24, 1879, in reference to assignments for the benefit of creditors, and the act of April 7, 1883, amendatory thereof. It does not convey all the property of the assignors nor is it accompanied by the inventory provided for in the second section of the original act. These, however, do not render it void. (See secs. 1 and 20.) And it has been held by this court that the attempt to give preferences, though of no effect under the act, does not invalidate the assignment itself. (Fant v. Elsbury, ante, page 1.) The amendatory law, however, requires that the assignee shall be a resident of the State (Laws 1883, page 46), and the assignees in this case are shown by the face of the conveyance to be residents of the State of Kentucky. Whether or not this would avoid an assignment to which the statute applies is a question we are not called upon to decide. The act by its terms relates only to assignments by an insolvent debtor, or made in contemplation of insolvency. (See sec. 1; Blum v. Welborne, 58 Texas, 161.) The instrument in question does not show upon its face that the assignors were either insolvent or contemplating insolvency. We must infer that they were embarrassed, and we may suspect that their assets were not sufficient to pay their debts. But there is nothing upon the face of the paper which necessarily leads to that conclusion.

We are of the opinion, therefore, that the assignment is one which does not come within the scope of the statute, and that its validity must be determined by the principles of the common law. (Hampton v. Morris, 2 Metcalf, Ky., 336; Morgentham v. Harris, 12 Cal., 245.)

It is held that a solvent debtor may make an assignment for the benefit of his creditors (Ogden v. Peters, 21 N. Y., 23), though by some courts such conveyances have been held to manifest an intent to hinder or delay creditors, and decided to be void. However that may be, as applied to an assignment of all the debtors property, we do not think the reason applicable to the present case. Here the assignment does not purport to be of all the property of the assignor; and it is apparent that the main motive of the assignor is to secure the payment of a certain debt due to preferred creditors, and that the provision for a distribution of any surplus among the creditors generally is a mere incident of the principal object. Accordingly, we find in the case of Margenthorn v. Harris, supra, the Supreme Court of California hold an assignment, in substance the same as the one before us, "not in contravention of their statute, which prohibits assignments by insolvent debtors for the benefit of creditors," and valid at common law. (See also Hurst v. Jones, 10 Lea, Tenn., 8.)

It is generally held that one partner can not, without the authority or consent of his co-partner, make a general assignment. An exception is recognized when one partner has the entire management of the business, or the other is absent, so as to be beyond the reach of prompt communication. In this case it appears that the partner who did not sign was absent from the State at the time of the transaction. The power of one partner, however, to mortgage the firm property or to sell it for the payment of the partnership debts, must be conceded. He can also transfer it directly to a partnership creditor in discharge of the obligation. No reason is seen, therefore, why one, his partner being absent and the payment of a partnership debt being pressed, may not assign a part of the firm assets to pay the particular debt, and provide at the same time for the distribution among the other creditors of any surplus of the assigned property, which may remain after the payment of the preferred obligation. So far as the record discloses, the absent partner has acquiesced in the assignment under consideration.

In regard to the fourth assignment of error, we will say, that

the fact that appellees may have threatened to attach the property in order to induce the assignment, does not make the assignment void. We have been cited to no authority in support of appellant's proposition upon this point and we feel authorized to infer that none can be found.

There is no assignment of error which submits the proposition that the evidence puts a different aspect upon the instrument in controversy from that shown upon its face. We are not called upon, therefore, to consider it in the light of the parol testimony which was adduced upon the trial.

We find no error in the judgment and it is affirmed.

*Affirmed.*