No. 2560.

John Ebell *v.* Anna Bursinger.

1. Parties.—As a general rule the *cestui que trust* is a necessary party in all suits brought by or against the trustee to recover the trust property. The exceptions to this general rule apply chiefly to cases where there are a great number of beneficiaries in the trust, and where the intention existed in creating the trust to invest the trustee with power to prosecute and defend suits in his own name.

2. Same—Necessary Parties.—The fact that the trustee is authorized by the instrument evidencing the trust, to receive rents for the use of

the *cestui que trust*, and in his discretion to sell the property and apply the proceeds to the benefit of the *cestui que trust*, will not authorize the trustee to defend alone a suit brought to cancel the instrument creating the trust. The beneficiary is a necessary party.

3. SAME—PRACTICE.—The want of necessary parties to an action may be urged after judgment by default has been entered against those who have been made parties. Anderson v. Chandler, 18 Texas, 436, followed.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

*P. E. Pearson,* for appellant.

*Parker & Pearson,* for appellee.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit against appellant alone to cancel a deed executed by her conveying to him in trust for the benefit of his daughter, Anna Ebell, certain lots in the town of Rosenberg. The petition alleged, in substance, that the conveyance was procured by threats and intimidation. A copy of the instrument was made a part of the petition, from which it clearly appears that the conveyance was made solely for the benefit of the daughter, although the trustee was authorized to collect the rents for her benefit, and in his discretion to sell the property and to apply the proceeds to her sole use. The prayer was for a cancelation of the deed and for a writ of possession.

No answer having been filed on the fifth day of the term the plaintiff took a judgment by default. The defendant filed a motion praying the court to set aside the judgment and grant him a new trial, which was overruled. One ground of the motion was, that the judgment was erroneous because the beneficiary in the deed sought to be set aside had not been made a party to the suit.

It is now assigned as error that the court erred in rendering judgment without Anna Ebell's having been made a party defendant. Two questions are presented by the assignment: First, was the *cestui que trust* a necessary party to the suit? and second, can the objection for want of a necessary party be taken by motion in the court below after default or upon appeal?

As to the first question the general rule is well established that in suits by or against the trustee for the recovery of the trust property the beneficiary is a necessary party. (Boles v. Linthicum, 48 Texas, 224; Huffman v. Cartwright, 44 Texas, 296; Hall v. Haws, 11 Texas, 300; Holland v. Baker, 3 How., 72; Woodward v. Wood, 19 Ala., 213; Van Doren v. Robinson, 1 C. E. Green, 256; Richards v. Richards, 75 Mass., 313; Ward v. Hollens, 14 Md., 158; 1 Daniel's Chan. Prac., fifth ed., p. 220, note 1; Story's Eq. Plead., sec. 207; 2 Perry on Trusts, sec. 873.) To this rule there are well recognized exceptions, but these embrace mainly that class of cases where by reason of the number of the beneficiaries it is inconvenient to make them parties, and where it may be presumed that it was the intention to invest the trustees with power to prosecute and defend suits in their own names. An apt illustration of the exception is found in the case of the trustees in a mortgage to secure a series of negotiable bonds upon the property of railroad companies. (Shaw v. Railroad, 71 Mass., 162.) Another illustration is afforded by the case of an assignee in a deed of an assignment made by an insolvent for the benefit of his creditors. (Kerrison v. Stewart, 93 United States, 155.) The appointment of an assignee in such cases generally grows out of the necessity of having some agent to act for beneficiaries, who are usually too numerous to act together. In such a case the presumption is great that he is their representative not only as to the general management of the assets, but also to prosecute and defend suits involving title to the assigned estate. The authority granted to the trustee in the present case to receive rents for the use of the *cestui que trust* and in his discretion to sell the property, the proceeds to go to her benefit, does not imply a power in him to defend alone a suit involving title to the trust estate, and we are therefore of opinion that the beneficiary was a necessary party.

We come then to the second question: Can the objection that there is the want of a necessary party be taken after a judgment by default? This question must also be answered in the affirmative. In Anderson v. Chandler, 18 Texas, 436, Chief Justice Hemphill recognizes the doctrine that the objection is good upon a writ of error, when the defect appears upon the face of the petition. The defect, however, did not so appear in that case, and the point was not decided. The principle there recognized is that generally adopted in the common law courts.

(Beel v. Lymans, 1 Mour., 39; Worster v. Northrup, 5 Wis., 245; The Governor v. Webb, 12 Ga., 189; Homer v. Moor, 5 Burr., 2614), and has usually prevailed in courts of equity. (1 Daniels's Chancery Prac., 294.)

The court should not render a judgment, there being the want of a necessary party to a suit. The defendant in such a case has a right to presume that the court will not enter an erroneous judgment against him, and hence should not be held in default until the necessary party is brought before the court. If judgment by default be taken, it should be set aside upon motion; and in case the motion be overruled it will be reversed upon appeal or a writ of error. The effect of the judgment in this case was to take the property in controversy from the possession of appellant, though he held it for the sole use of his daughter, and to tax him with the costs of a suit in which he had no beneficial interest. It was erroneous, and should have been set aside upon the motion filed for that purpose.

For the errors of the court in proceeding to the judgment without making the only person beneficially interested in the subject matter adversely to the plaintiff a party, and in overruling the motion to set aside the judgment, the judgment will be reversed and the cause remanded, with instructions to the court below to proceed no further until Anna Ebell is made a party defendant, by amendment, and that upon plaintiff's failure to do this the suit be dismissed.

*Reversed and remanded.*