### GEORGE A. PRESTON ET AL. V. CARTER BROS. & CO.

#### No. 7116.

1. **Assignments for Benefit of Creditors.**—It is well settled that the act regulating assignments (Sayles' Civ. Stats., title 7a) did not, neither was it intended to, interfere with the right of a debtor to give preferences among his creditors.  This must be done by mortgage.

2. **Mortgage.**—A mortgage being the security for a debt and giving merely a lien upon the property leaves in the grantor an equity of redemption, and any surplus after payment of the debt secured would be subject to the claim of creditors seeking to enforce their rights.

3. **Case Adhered to.**—Johnson v. Robinson, 68 Texas, 400, adhered to in holding a conveyance to be an assignment when made by an insolvent debtor to a trustee with no condition of defeasance, proceeds thereof to be applied first to certain named creditors and the residue among other creditors.

4. **Assignment.**—When an instrument in its effect is an assignment, the statute operates upon it and it is made to conform to the statute and should be administered under its provisions.

5. **Parties.**—In a suit by a creditor against a trustee holding under an assignment to compel the administration of the trust under and in accordance with the laws regulating assignments it is not necessary that the preferred creditors be made parties.

APPEAL from Fannin.  Tried below before Hon. H. W. Lightfoot, Special District Judge.

On December 28, 1888, appellees filed their amended original petition in the District Court of Fannin County, alleging that on December 1, 1888, O. B. Phillips and J. A. Duncan were merchants and partners, doing business under the firm name of Phillips & Duncan in the city of Bonham, in said county; that said firm owned at said date merchandise of the estimated value of $13,000, and notes and accounts amounting to $7000 or $8000; that they were indebted to sundry parties in the sum of about $8000; that appellees owned a debt against them of about $2733.24; that being insolvent and contemplating insolvency said Phillips & Duncan assigned all their property subject to execution to appellant Preston, with power to sell the same and pay certain debts enumerated therein in full, and prorating the remainder of the proceeds of the sale and collections of said estate among the unpreferred creditors of said assignors.  A copy of the conveyance was made a part of the petition.  It alleged that the county judge of Fannin County

and district judge of the Sixth Judicial District of Texas were both disqualified to try this cause. The petition prayed for an injunction to prevent the trustee from paying the perferred debts enumerated in the conveyance in full, for a decree declaring the conveyance a general assignment under the statutes of Texas, and for the appointment of an assignee under said statute. An injunction was granted in the case by the district judge of the Eighth Judicial District in chambers, restraining said trustee from paying out any money under said conveyance to said preferred creditors until the final hearing of this cause. At the March Term, 1889, at the regular term of the District Court of Fannin County, the case was tried before a special judge. The court in its judgment decreed said conveyance to be a general assignment under the laws of Texas, made perpetual the injunction granted in chambers, appointed Preston assignee of said insolvents' estates, and ordered him to qualify under the statutes of Texas regulating assignments for the benefit of creditors. From this judgment all the defendants have appealed to this court.

*Taylor & Calloway* and *Richard B. Semple,* for appellants, cited: Scott v. McDaniel, 67 Texas, 315; Waterman v. Silberberg, 67 Texas, 100; Stiles v. Hill, 62 Texas, 429; Calder v. Ramsey, 66 Texas, 218; Bank v. Lovenberg, 63 Texas, 506; Donahoe v. Fish, 58 Texas, 164; Still v. Focke, 66 Texas, 716; Baylor County v. Craig, 69 Texas, 333; Johnson v. Robinson, 68 Texas, 399; Ebell v. Bursinger, 70 Texas, 120; Jackson v. Harby, 65 Texas, 710.

*Matthews & Neyland* and *Hare, Edmundson & Hare,* for appellees, cited: Johnson v. Robinson, 68 Texas, 400; Fant v. Elsbury, 68 Texas, 5; McCart v. Maddox, 68 Texas, 460; Waterman v. Silberberg, 67 Texas, 100; Scott v. McDaniel, 67 Texas, 315; White v. Cotzhausen, 129 U. S., 329.

HOBBY, PRESIDING JUDGE.—Phillips & Duncan, merchants in the city of Bonham, Texas, and who were transacting business under the firm name indicated, executed on December 1, 1888, a conveyance transferring their entire stock of merchandise, notes, accounts, etc., to the appellant Geo. A. Preston, in trust, to sell and collect the same and apply the proceeds arising therefrom to the payment of the debts of certain named creditors of said firm set forth in the petition. Whatever residue remained after the satisfaction of said claims of the preferred creditors, it was provided by the terms of the instrument, should be applied to the payment pro rata of said Phillips & Duncan's other creditors.

There seems to be no doubt that the transaction was honest and the conveyance executed in good faith for the purposes therein expressed.

It was proved also that the transfer was made in contemplation of insolvency.

The question in the case is whether the instrument referred to is a mortgage or an assignment. The court below construed it to be a general assignment, and perpetuated an injunction restraining the trustee from executing it according to its terms. The trustee was directed by the court to administer the property conveyed under the statute.

It is insisted by appellant that the court erred in so construing the instrument, and in declaring the preference clause contained in it invalid, etc. If this clause is upheld it can only be upon the ground that the instrument in question is a mortgage; as it is well settled in this State that the act regulating assignments (Sayles' Civil Statutes, title 7a), did not, neither was it intended to, interfere with the long-recognized right of a debtor to give preference to his creditors. Scott v. McDaniel, 67 Texas, 315; Stiles v. Hill, 62 Texas, 43. But we do not think that when tested by the distinctions characteristic of a mortgage it will be found to belong to that class of conveyances.

A mortgage being the security for a debt, and giving merely a lien on the property, leaves in the grantor an equity of redemption; and any surplus or residue after the payment of the debt would be subject to the claims of his creditors seeking to enforce their rights. It the case of a mortgage the property does not pass beyond the grantor's control. He may satisfy the debt it is executed to secure, and the property reverts to him. Not so in the case of an assignment, which disposes of the entire property.

In the case under consideration the instrument conveys all of the property, first to be paid to preferred creditors, and the residue to be applied pro rata to those creditors not before named. This certainly places the property beyond the grantor's reach, and makes it an assignment. Johnson v. Robinson, 68 Texas, 400. A conveyance quite similar to this, which contained no condition of defeasance but transferred the property to appellant, to be administered under the terms of the trust, first to pay certain creditors and then to distribute the balance of the net proceeds among the other creditors, was held to be an absolute conveyance of the property, and not a conditional one to secure a debt. Johnson v. Robinson, *supra*. The reasons given in the case cited for holding the instrument construed in that case to be an assignment apply with force to the one before us.

Having concluded that the instrument executed to appellant by Phillips & Duncan is an assignment, it is then brought within the operation of the statute regulating such conveyances. That is to say, "however made or expressed it shall have the effect to provide for a distribution of all of his estate except such as may be exempt from execution among all his creditors, etc., and shall be construed to pass all of such estate whether specified therein or not," etc. Sayles' Civ. Stats., art. 65a.

In other words, whenever the instrument is decided to be an assignment it is then acted upon directly by the statute and made to conform to its requirements, and should be administered thereunder. We think therefore that the court did not err in treating the instrument under discussion as an assignment.

The second assignment is that the court erred in overruling defendant's exception to plaintiff's petition, because the petition shows that Mrs. J. B. Krickenberger was one of the beneficiaries under the trust deed, and she was not made a party to this suit.

The general rule is well known that "in suits by or against the trustee for the recovery of the trust property the beneficiary is a necessary party." Ebell v. Bursinger, 70 Texas, 122. An illustration is given in the case cited of well recognized exceptions to this rule. One of these exceptions will be found in the case of an assignee in a deed of assignment made by an insolvent for the benefit of his creditors. Ebell v. Bursinger, 70 Texas, 122.

Discussing this question at some length, Chief Justice Waite of the Supreme Court of the United States says that "It can not be doubted that under some circumstances a trustee may represent his beneficiaries in all things relating to their common interests in the trust property. His powers and obligations may be such that those for whom he holds will be bound by what is done for as well as against him. The difficulty it seems is not so much in ascertaining what is the effect in this respect of the trust position he occupies, but whether he occupies it. The rule is that if he is constituted such representative or trustee his beneficiaries are not necessary parties to such suit. He is in court for all of the beneficiaries, and they are bound by the judgment, unless it is impeached for fraud or collusion between him and the other party."

He further says, in substance, that the principle underlying this doctrine has been applied in cases relating to railway mortgages where a trustee holds for the benefit of beneficiaries; but that it is not a new principle, as is supposed, developed by the necessities of such cases. It is an old rule, long in use, etc., and found to be well adapted to the protection of the rights of those having such securities without subjecting them to unnecessary litigation.

Cases may arise where the trustee ought not to represent their rights or interests. In such cases they become proper parties, and may or may not be brought in, in the discretion of the court. Such is the language of Chief Justice Waite in the case of Kerrison, assignee, v. Stewart, 3 Otto, 93 U. S. Rep., 160.

We think the assignee represented the interest of Mrs. Krickenberger in this case, and that the court did not err in the ruling complained of. We think also the judgment should be affirmed.

*Affirmed.*

Adopted March 24, 1891.