SCHNEIDER & DAVIS ET AL. V. W. M. BAGLEY ET AL.

No. 157.

**Assignment for Benefit of Creditors — Mortgage.**—Appellants who were, among others, creditors of Adams Brothers, instituted suit in the nature of a creditor's bill, wherein they sought to have a certain instrument executed by Adams Brothers declared to be a general statutory assignment, and to have the assignee removed for failure to execute bond. The trustee and all the preferred creditors were made parties defendant. The instrument was made an exhibit to the petition, and there were allegations that it was executed by Adams Brothers in contemplation of insolvency, and that by it they disposed of all the property subject to execution which they owned, and also that the grantors and trustee therein were insolvent. They prayed for the appointment of an assignee with instructions to administer the property as a general assignment, and that they have judgment for the use of the new assignee against the preferred creditors for the amounts wrongfully paid them by the trustee, and to be allowed their reasonable attorney fees for recovering moneys improperly diverted from the assigned estate. The demurrer to the petition was sustained, and the cause dismissed. *Held:*

1. As the instrument executed by Adams Brothers purports to convey the property therein described to the trustee, without any defeasance, the condition being that he would convert the property into cash and pay certain preferred creditors, and distribute the residue pro rata among their other creditors, it is an assignment and not a mortgage.

2. The clause, "this instrument is not intended to operate as an assignment, but a chattel mortgage," contained in the instrument, is of no force and does not change its legal effect.

3. The allegations in the petition, that the grantors were insolvent and had conveyed all their property subject to execution, stated a good cause of action, and if true entitled appellants to the relief asked as to having the instrument treated as an assignment, and having the property distributed under the law regulating assignments. It was error to sustain the demurrer and dismiss the cause.

APPEAL from Collin. Tried below before Hon. P. B. MUSE.

*Hare, Edmundson & Hare*, for appellants.—1. The instrument having placed the surplus beyond the control of the grantors, and having disposed of all of the property owned by the grantors, and having been executed by the grantors while insolvent, and in contemplation of insolvency, must necessarily be adjudged a general statutory assignment. And this is true, notwithstanding the declaration of the grantors to the contrary. Johnson v. Robinson, 68 Texas, 399; McCart v. Maddox, 68 Texas, 456; Preston v. Carter, 80 Texas, 388; Fant v. Elsbury, 68 Texas, 6.

2. The preferences were void, and the property wrongfully diverted can be recovered at the suit of one or more creditors. Fant v. Elsbury, 68 Texas, 1; Blum v. Wettermark, 56 Texas, 80; Blum v. Wettermark, 58 Texas, 125.

*J. A. L. Wolf*, for W. M. Bagley, R. T. Seay, and A. B. Mays, appellees.—1. If looking to the language of the entire instrument, it appears to have been given as a security, it will be considered as a mortgage of the property conveyed by it, though it may contain no terms of defeasance. Bank v. Lovenberg, 63 Texas, 506; Alstin v. Cundiff, 52 Texas, 461; Calder v. Ramsey, 66 Texas, 218.

2. Parol testimony will not be received to explain a written instrument, if the intention of the parties can be deduced from the instrument itself. The effect of a written instrument is a question of law.

3. The statute relating to assignments in no way interferes with the right of a debtor to give preference to one or more of his creditors; it is only when such statutory assignment is intended that preferences are void. Stiles v. Hilloc, 62 Texas, 429; Waterman, Star & Co. v. Silberberg, 67 Texas, 100.

*Throckmorton & Garnett*, for First National Bank of McKinney, appellee.—1. The leading purpose of the instrument in question manifestly appearing to give security to the several creditors named in it, a condition of defeasance will be implied if it be not expressed.

2. When such condition of defeasance is expressed in the instrument, or when it may be implied, the instrument must be held to be a mortgage. Waterman v. Silberberg, 67 Texas, 104; Stiles v. Hill, Fontaine & Co., 62 Texas, 430; Hudson v. Milling and Elevator Co., 79 Texas, 401; Scott v. McDaniel, 67 Texas, 316.

3. There was no error in the ruling of the court. The instrument in question was attached to the petition as an exhibit and made part of the pleading, and it appears therefrom that it did not pass the title to the property mentioned in it to W. M. Bagley, but it only created a lien on such property to secure the debts mentioned in it. Hudson v. Milling Co., 79 Texas, 407; Waterman v. Silberberg, 67 Texas, 100; Scott v. McDaniel, 67 Texas, 316; Johnson v. Robinson, 68 Texas, 399; Smith v. Moore, 15 S. W. Rep., 910; Huiskamp v. Wagon Co., 121 U. S., 310; Reagan v. Aiken, 138 U. S., 109; Bettes v. Plow Co., 84 Texas, 543.

4. Where an instrument is capable of two constructions, the one making it valid and the other void, the first will be adopted. Wait on Fraud. Con., 2 ed., sec. 433; Lorillard v. Clyde, 86 N. Y., 387; Marsh v. Whitman, 21 Wall., 178.

RAINEY, ASSOCIATE JUSTICE.—Appellants, who were, among others, creditors of the late firm of Adams Brothers, instituted suit in the nature of a creditor's bill, wherein they sought to have a certain instrument executed by said Adams Brothers on November 12, 1890, declared to be a general statutory assignment. They sought to have the assignee removed because of failure to execute bond within the statutory period of five

days, and they prayed for the appointment of an assignee with instructions to administer the property as a general assignment; and they further prayed that they have judgment for the use and benefit of the new assignee against preferred creditors, defendants herein, for the amounts wrongfully paid them by the trustee, W. M. Bagley, whose insolvency was alleged. Plaintiffs further prayed to be allowed their reasonable attorney fees for recovering moneys improperly diverted from the assigned estate.

All of the preferred creditors were made parties defendant. The instrument executed by Adams Brothers was made an exhibit to the original petition, and there were allegations that said instrument was executed by said Adams Brothers in contemplation of insolvency, and that by said instrument they disposed of all the property they then owned which was subject to execution. The court sustained defendant's general demurrer to said petition, and thereupon, plaintiffs having declined to amend, their suit was dismissed and notice of appeal promptly given, and the cause has been brought here for revision.

The first assignment of error is: " The court erred in sustaining the general exceptions of defendant to plaintiffs' original petition, said petition having alleged sufficient facts to show that the instrument executed by Adams Brothers was a general statutory assignment, and that plaintiffs were entitled as a matter of right to the relief prayed for."

Appellants contend, that " the instrument having placed the surplus beyond the control of the grantors, and having disposed of all the property owned by the grantors, and having been executed by the grantors while insolvent and in contemplation of insolvency, must necessarily be adjudged a general statutory assignment. And this is true, notwithstanding the declaration of the grantors to the contrary."

The instrument under investigation purports to convey to W. M. Bagley all the stock of groceries, goods, wares, and merchandise, books, accounts, etc., and $50 in money owned by the grantors, situated in a store house occupied by them in the town of McKinney; the condition being that he would convert the property into cash and pay certain preferred creditors, and distribute the residue pro rata among their other creditors; no clause of defeasance being contained therein.

Plaintiffs in their petition alleged the insolvency of the grantors, and that said instrument conveyed all the property then owned by them subject to execution, etc.

In the case of Johnson v. Robinson, 68 Texas, 399, a similar instrument to the one here in question was under consideration, and the court there held, that a conveyance which contains no condition of defeasance, and which passes the property absolutely to another, to be administered by him according to its terms, first, to pay a preferred debt from the proceeds of the property, and to appropriate the balance to the satisfaction

of other debts, can not be regarded as a mortgage, but must be treated as an assignment.

In the same case, the court, in discussing the difference between a mortgage and a deed of trust, says: "A mortgage being merely intended as a security for debt, gives under our system, at least, merely a lien upon the property, with or without power of sale, leaves an equity of redemption in the mortgagor, and the surplus, if any, after the payment of the debt, within the reach of his creditors by due process of law. An assignment, on the other hand, conveys to the assignee the entire estate of the assignor in the property, to be disposed of by the trustee in such manner as the assignor may have lawfully directed. The mortgagor may vacate the mortgage at any time by a payment of the debt; but by an assignment the property passes beyond the control of the assignor in any event. It is true, that should a surplus remain after paying the debt, a trust would result in favor of the assignor, and the assignee would hold it for his benefit."

No provision is made by the grantors to return the surplus to them, if any. It especially provides that the residue, after paying preferred creditors, should be distributed pro rata between the balance of their creditors; thus disposing of their property without any defeasance whatever.

In the case of Preston v. Carter Bros. & Co., 80 Texas, 388, the court held a similar instrument to be an assignment, and sustained the action of the court below in rendering judgment directing the trustee to administer the property conveyed under the act regulating assignments. Tested by the principles enunciated in the foregoing decisions, we are of opinion that the instrument here under consideration is an assignment, and not a mortgage.

The clause in the instrument, that " this instrument is not intended to operate as an assignment, but a chattel mortgage," is of no force; calling it a mortgage does not change its legal effect. If such could control, all a debtor would have to do when he made an assignment would be to insert a clause in it that it was intended as a mortgage, and the law regulating assignments would be effectually evaded. Fant v. Elsburg, 68 Texas, 6.

The allegations in plaintiffs' petition, that the grantors in the instrument were insolvent, and had conveyed all their property subject to execution, stated a good cause of action, and if true, entitled plaintiffs to the relief asked, in so far as having the instrument treated as an assignment and having the property administered under the law regulating assignments.

The court below erred in sustaining the demurrer of defendants and dismissing the cause, and for that reason the judgment is reversed and the cause remanded for a trial upon its merits.

*Reversed and remanded.*

Delivered January 17, 1894.