### Robert Monday et al. v. James M. Vance, Trustee.

#### No. 656.

**1. Partnership—Action by Trustee—Beneficiaries Must be Joined.**

Where a deed of trust does not directly nor by implication invest the trustee with power to alone prosecute and defend suits for the property, the beneficiaries are necessary parties to an action by him to remove cloud from the title of the trust property.

**2. Same—Objection for Non-joinder May be Raised on Appeal.**

Non-joinder of beneficiaries in such case is fundamental error, and available although the objection on that account be first raised on appeal or writ of error.

**3. Equitable Interest Blended in Trust—Conveyance by one Beneficiary.**

Where a married woman conveyed her separate property in trust for the support of herself and her children, a subsequent attempted conveyance of the property by her to a third person will not divest her equitable title under the trust, since it is inseparably blended with that of the children.

**4. Wife's Separate Property—Rents—Conveyance Not Fraudulent.**

Since a married woman has the right to convey her separate property in trust for herself and children, so as to withdraw the rents from the community estate, such a conveyance is not fraudulent as to creditors of the community estate.

Appeal from Bexar. Tried below before Hon. S. G. Newton.

*Wright & Summerlin,* for appellants.—The pleading of appellee and proof showing that the children of Mary F. Rice were beneficiaries under the trust deed, it was fundamental error to allow appellee to recover without making them parties or showing their non-existence. Anderson v. Chandler, 18 Texas, 436; Ebell v. Bursinger, 70 Texas, 20; Piatt v. Oliver, 2 McLean (U. S.), 267; 27 Am. & Eng. Enc. of Law, 286.

*Barnard & McGown,* for appellee.—1. The court, construing the trust deed to Vance, held that it was an irrevocable trust which entitled him to the relief sought, unless the defense of fraud was well taken; and as there was no evidence to sustain this defense, he properly instructed a verdict for Vance. Haley v. Manning, 2 Texas Civ. App., 18; Willis v. Whitsitt, 67 Texas, 673; Grinnan v. Dean, 62 Texas, 218; Nevins v. McKee, 61 Texas, 414; Eason v. Eason, 61 Texas, 225; Teal v. Terrell, 58 Texas, 257; San Antonio v. Lane, 32 Texas, 417; Mitchell v. DeWitt, 20 Texas, 294.

2. The husband and wife had the power to convey her separate estate to Vance as trustee, and thus withdraw from the reach of his creditors the rents arising therefrom. Schepflin v. Small, 4 Texas Civ. App., 495.

FLY, ASSOCIATE JUSTICE.—The petition of appellee, who instituted this suit, alleges the execution of a deed to him by one J. P. Rice and his wife, M. F. Rice, conveying to him certain real and personal property in trust, to be managed and controlled by him, the rents and profits, if any, to be applied to the support of Mrs. Rice, and to the support and education of her children; that since the execution of the deed, Rice and wife had conveyed a half interest in a portion of the real and personal property to Robert and Newton Monday, who had sold to one Glenn Raymond, and H. Schultze; that the conveyances had cast a cloud upon the title of the trustee and interfered with an enforcement of the trust. The trustee prayed for the cancellation of the conveyances and for the personal property or its value. Appellants alleged fraud on the part of the trustee and Rice and wife, this being the only defense presented. The judge instructed a verdict for appellee.

It is presented as fundamental error, that Mrs. Rice and her children were necessary parties to the suit by the trustee. It is a general and well established rule that in suits by or against a trustee for the recovery or defense of property, the beneficiaries are necessary parties. Boles v. Linthicum, 48 Texas, 221; Ebell v. Bursinger, 70 Texas, 120; Preston v. Carter, 80 Texas, 388; Story Eq., sec. 207.

There are exceptions to this rule, as where the numbers of the beneficiaries would render it inconvenient to make them parties, and where it may be presumed that it was the intention to invest the trustee with power to prosecute or defend suits in his own name. This case does not come within the exceptions. The deed does not clothe the trustee with authority to prosecute or defend suits for the property, and the circumstances do not raise a presumption that it was intended to give him such power. This was a proceeding in equity to cancel certain transfers and enforce a trust, and a chancery court will not entertain a bill unless all the parties in interest are before it. This is a wise and salutary rule, for without it the trustee might, by collusion, through the medium of a court, deprive the beneficiaries of the trust of valuable rights, when, if notified of the suit, they might protect themselves. It is clear from the face of the petition that Mrs. Rice and the children have equitable rights that would necessarily be affected by any judgment that might have been rendered. One object of the suit was to cancel a certain deed made by Rice and wife, and it is obvious that they should be notified of the pendency of the suit and be given an opportunity to appear. It is true that the judgment does not deprive the children, at least, of any right, but suppose the judgment had been rendered against the trustee, they would not be prevented from bringing a suit and having a readjudication of the whole matter. As before stated, it appears from the face of the petition that the beneficiaries were necessary parties, and the objection is good even when first made upon a writ of error or appeal. Anderson v. Chandler, 18 Texas, 436; Ebell v. Bursinger, 70 Texas, 120.

It is suggested by appellant that the deed made by Rice and wife

should not be cancelled, because it conveyed at least the equitable interest of Mrs. Rice, but we are of the opinion that the interest of Mrs. Rice is so intimately interwoven and connected with that of the children that a segregation of it would be impracticable, if not impossible. The legal title to the estate is vested in the trustee, the only interest retained by Mrs. Rice being one together with the children in the rents and profits, if any, arising from the property. Her interest is intangible, and could not be separated.from that of the children in such a manner as to avail appellant. The court had the authority to compel the jury to return a verdict in consonance with the charge. The fact that the property was conveyed to appellee for the purpose of preventing the rents and profits being seized by the creditors of J. P. Rice did not constitute fraud. The property belonged to the wife, and she had the right to convey the land to a trustee so as to withdraw the rents from the community estate, and obtain therefrom a support for herself and children. Schepflin v. Small, 4 Texas Civ. App., 493. It is not contended that the rents would more than give a support. There was no evidence of fraud, and the court did not err in instructing a verdict for appellee.

For the reason that necessary parties were not before the court, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 9, 1895.

## ON MOTION FOR REHEARING.

FLY, Associate Justice.—It is insisted that the authorities cited in support of the proposition, that, in a case like the one we are considering, the failure by the trustee to join the beneficiaries is such error that it will be noticed when first mentioned on appeal, is not sustained by the authorities cited. Says Chief Justice Hemphill, in the case of Anderson v. Chandler, 18 Texas, 436: "In Horner v. Moor, cited 5 Burr, 2614, the rule seems to be that the non joinder of defendants could only be taken advantage of by plea in abatement, except where it is shown in the petition that the parties omitted are living, and that they sealed the bond, and as the abatable matter then appears on the face of the petition, it is not necessary that it should be pleaded in abatement. * * * * * But though it appear that there is much reason in the proposition that where the plaintiff shows that there is a co-obligor who is not sued, and gives no reason why he is not made a party; advantage might be taken of omission, in arrest of judgment or in error, yet it seems that this has not been held in any case to which we have been referred, unless the further .fact should appear on the petition that the joint obligor was alive."

In the case of Ebell v. Bursinger, 70 Texas, 120, it is true that the question of lack of necessary parties was sprung after a judgment by

default in the lower court, in the motion to set aside the judgment, but in passing upon the question, the Supreme Court, through Judge Gaines, says: "The authority granted to the trustee in the present case to receive rents for the use of the cestui que trust, and in his discretion to sell the property, the proceeds to go to her benefit, does not imply a power in him to defend alone a suit involving title to the trust, and we are therefore of opinion that the beneficiary was a necessary party. We come then to the second question: Can the objection that there is the want of a necessary party be taken after a judgment by default? This question must also be answered in the affirmative. In Anderson v. Chandler, 18 Texas, 436, Chief Justice Hemphill recognizes the doctrine that the objection is good upon a writ of error when the defect appears upon the face of the petition. The defect, however, did not so appear in that case, and the point was not decided. The principle there recognized is that generally adopted in the common law courts." A number of authorities are cited in support of the proposition. Indeed, starting with the premise, that a trustee, under the circumstances enumerated, cannot defend or prosecute a suit alone, there is no other reasonable conclusion at which to arrive than that the omission to make the beneficiaries parties is one that goes to the very foundation of the action, and is open to objection at any stage of the proceedings.

The opinion of this court, however, is based strictly upon the expressions in the two opinions cited, and independent of them, we might not have arrived at the conclusion contained in our opinion, and we desire to confine the proposition as to taking advantage of want of parties on appeal strictly to the class of cases mentioned. The motion will be overruled.

*Overruled.*

Delivered October 30, 1895.