### LEAGUE v. SCOTT.

(Court of Civil Appeals of Texas. Galveston. May 3, 1913. On Motion for Rehearing, May 17, 1913. Rehearing Denied May 22, 1913.)

1. PARTIES (§ 51*)—NECESSARY AND PROPER PARTIES.

It is optional with either party to bring in proper but not necessary parties, and a failure by either to do so does not invalidate any judgment that may be rendered.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

2. APPEAL AND ERROR (§ 753*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Under court rules 28 and 101 (142 S. W. xii, xxiv), providing that no assignment of error will be allowed in the appellate court when none has been filed in the lower court, and providing for the filing of cross-assignments when brief is filed, the court on appeal cannot consider cross-assignments of error where they were not filed in the trial court, and where a copy of appellee's brief, in which they are presented, was not filed in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086–3089; Dec. Dig. § 753.*]

#### On Motion for Rehearing.

3. PARTIES (§ 29*)—JOINDER—NECESSARY PARTIES — GARNISHMENT — BENEFICIARIES IN DEED OF TRUST.

Where a garnishee's answer denying the possession of any effects of the judgment debtor is contradicted by a pleading alleging that the judgment debtor and his wife executed a deed of trust to the garnishee whereby they conveyed all their property to him in trust for the wife and her children, the children are necessary parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 41, 47–49, 51; Dec. Dig. § 29.*]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by J. C. League, a judgment creditor of W. A. Hudson, against Thomas B. Scott, garnishee. From a judgment of dismissal, plaintiff appeals. Affirmed.

P. A. Drouilhet, of Galveston, for appellant. J. E. Quaid and Stewarts, all of Galveston, for appellee.

McMEANS, J. J. C. League, alleging that he was the owner of an unsatisfied judgment against W. A. Hudson, and that he had just reason to believe and did believe that Thomas B. Scott was indebted to the said Hudson, or had effects belonging to the said Hudson, or to the community estate of said Hudson and his wife, Mrs. Mollie S. Hudson, in his possession, sued out a writ of garnishment against the said Scott, and the writ was duly served. Within a proper time the

garnishee answered, denying that he was indebted to said Hudson or that he had in his possession any effects belonging either to the said Hudson or the community estate of said Hudson and Mrs. Mollie S. Hudson, and that he knew of no one that was indebted to said W. A. Hudson, or had in his possession effects belonging to said W. A. Hudson or said community. This answer was controverted by League, who alleged that on January 11, 1905, subsequently to the accrual of the indebtedness of W. A. Hudson to him, which was merged in the judgment he then held against said Hudson, the said W. A. Hudson and his wife, Mrs. Mollie S. Hudson, executed a certain alleged deed of trust to the garnishee, Scott, wherein and whereby they transferred, assigned, and delivered to said garnishee all property, real, personal, or mixed, then belonging to the said Mrs. Mollie S. Hudson, together with all rents, income, etc., accrued or to thereafter accrue, and also all property, real, personal, or mixed together with the rents or income thereof which the said Mrs. Mollie S. Hudson might thereafter acquire, in trust for the use and benefit of the said Mrs. Mollie S. Hudson and her children; and further alleged, in effect, that the rents, income, etc., derived from the separate property of the said Mrs. Mollie S. Hudson became community property and was subject to the payment of the debts of said W. A. Hudson, and that the execution of said deed of trust was for the purpose of placing such community property out of the reach of his creditors, and that the same was void as to plaintiff. In answer to the contest the garnishee filed a plea in abatement, setting up by an affirmative allegation that there were children of the said Mrs. Mollie S. Hudson, and claiming they were necessary parties to the suit. This plea in abatement, after proof was made of the existence of such children, was sustained by the court, and his suit was dismissed, and from the judgment of dismissal he has prosecuted this appeal.

[1] By his first assignment of error appellant complains of the action of the court in sustaining the plea in abatement and dismissing his suit, and we think this assignment must be sustained. The children of Mrs. Mollie S. Hudson were not necessary parties to a determination of the issues raised by appellant in his contest of the garnishee's answer. It is true·that the children would have been proper parties had either the plaintiff or the garnishee made them such. Not being necessary parties, it was optional with either the plaintiff or garnishee to bring them in, and a failure by either to so bring them in would not militate against the validity of any judgment that might have been rendered in plaintiff's favor upon a trial on the merits. If the garnishee desired to be protected by the judgment against any claim or demand that the beneficiaries in the deed of trust might thereafter assert against him, and if he wished them to be bound by any judgment that might bind him, it was clearly his duty, and not the plaintiff's, to make them parties. We think these views are sustained by the following authorities: Arthur v. Batte, 42 Tex. 159; Alamo Ice Co. v. Yancy, 66 Tex. 188, 18 S. W. 499; Railway v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St.· Rep. 734; Iglehart v. Moore, 21 Tex. 501; 20 Cyc. 1131.

We think that, under the facts of this case, it was not error to allow the garnishee a reasonable attorney's fee for filing his answer; and appellant's second assignment of error must be overruled.

[2] Appellee has presented in his brief several cross-assignments of error, upon which he insists that the judgment of dismissal should be sustained. It does not appear that such cross-assignments were filed in the court below, nor does it appear that a copy of his brief in which they are presented was filed in the county court; and in such circumstances the cross-assignments cannot be considered. Rules 28, 101 (142 S. W. xii, xxiv).

For the error in sustaining the plea in abatement the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

[3] Upon further consideration we have concluded that we erred in holding that the children of Mrs. Hudson were not necessary parties in determining the issues raised by appellant's contest of the garnishee's answer. In our main opinion we followed the line of authorities which in effect hold that, where the garnishee would protect himself by the judgment rendered against him 'in the garnishment proceedings and avoid liability to others claiming the debt or effects held by him, it is incumbent upon him to make such others parties to the suit in order that their rights might be litigated in that proceeding. We now think that that principle does not apply.to a case like this, but that this case must be determined upon the line of cases which hold that, as a general rule, in suits by or against a trustee for the recovery or defense of property, the beneficiaries are necessary parties. There is nothing in the facts of this case to make it an exception to the general rule. We think therefore that when J. C. League attacked the deed of trust·under which Thomas B. Scott held the separate property of Mrs. Hudson, in trust for the use and benefit of Mrs. Hudson and her children, the beneficiaries were necessary parties, and that the court very properly sustained the plea in abatement. Monday v. Vance, 11 Tex Civ. App. 374, 32 S. W. 559; Boles v. Lin-

thicum, 48 Tex. 221; Ebell v. Bursinger, 70 Tex. 120, 8 S. W. 77; Preston v. Carter, 80 Tex. 388, 16 S. W. 17. The judgment of the court below is affirmed.

Affirmed.