### OGDEN v. SYPHRETT.  (No. 8088.) *

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1921.  Rehearing Denied Jan. 12, 1922.)

1. Courts &#8783;478 — Partnership property in hands of trustee held not in custodia legis.

Where partnership was thrown into court by an action for an accounting, and the parties themselves by agreement appointed a trustee to take charge of the partnership business and assets and to wind up the business and make necessary expenditures, it cannot be said that the property of the partnership was in custodia legis so that another court would not have jurisdiction in an action against the trustee for indebtedness incurred by him.

2. Parties &#8783;33—Members of partnership not necessary parties in action against trustee in charge to wind up business.

Partners who, in an action for an accounting by agreement, appointed a third party as trustee to take charge of the business and assets, incur obligations, and wind up the affairs of the partnership, were not necessary parties defendant to an action against such trustee on obligations incurred by him as a trustee and charged against him as such.

Appeal from Chambers County Court; Joe F. Wilson, Judge.

Action by D. W. Syphrett against L. G. Ogden, trustee, and another.  Judgment for plaintiff, and the named defendant appeals. Affirmed.

C. A. Lord, of Beaumont, for appellant.
A. W. Marshall, of Anahuac, for appellee.

---

GRAVES, J. In this cause Syphrett sued W. G. Cooley as an individual and L. G. Ogden as trustee for a partnership composed of Mrs. J. Lynd Evans and H. B. Payne, alleging:

"That the defendant L. G. Ogden is the duly appointed and acting trustee of Mrs. J. Lynd Evans and H. B. Payne, who operated and did business during the year 1919 as a partnership in the raising of a rice crop and management of property in Chambers county, and that L. G. Ogden has been and was by agreement appointed as trustee to attend to the affairs of said partnership, and authorized as such trustee to incur expense incident to said trusteeship, and perform other acts as trustee necessary to the carrying out and adjustment of said business, and is now the acting trustee of said business.

"That beginning about the 1st of October, 1919, and continuing during the months of October, November, and December, 1919, the plaintiff at the special instance and request of the said L. G. Ogden, trustee, and W. G. Cooley, sold and delivered to said defendants certain goods, wares, and merchandise for which the defendants L. G. Ogden, trustee, and W. G. Cooley, promised and agreed to pay."

Then followed a declaration on an attached verified account in the sum of $587.11 for goods so sold, recovery for which amount was asked against both defendants.

On a trial before the court without a jury judgment as prayed for by plaintiff was entered in his behalf, and Ogden, trustee, alone appeals.

Through his first three assignments of error appellant complains of the court's proceeding to trial of the cause without a jury and of its refusal of his motion for a new trial setting up that action as prejudicial.

In this respect the cause is identical upon both the facts and the procedure with No. 8086 in this court, Mrs. J. Lynd Evans v. D. W. Syphrett, 236 S. W. 141, recently decided. By opinion filed in that case on December 1, 1921, the precise claim now again made that the court, in the circumstances shown, was without authority to hear the cause in the absence of a jury, was overruled. Upon that authority, without repetition of the reasons for it, the same ruling is made in the case at bar.

It is next said the trial court erred in rendering judgment against Ogden as trustee without either of the principals for whom he was alleged to have acted in creating the obligation sued on being before the court.

In support of this contention it is first assumed that Ogden, before the date of the account herein sued on, had been appointed as trustee of the partnership property the suit was intended to reach by the district court of Jefferson county, and is then argued that, all the property of the firm for whom appellant was trustee being thus at the time in custodia legis by the order of another court, the county court of Chambers could neither enforce any judgment against such property nor could any judgment be rendered against the trustee for it without his principals who owned it being before the court.

The trouble with this position is that the record does not sustain its premises. It is true Ogden was sued only in his capacity as trustee and that judgment against him as such was both sought and rendered, but it is not true that he was either charged with being or shown to be such trustee by appointment of the district court of Jefferson county: on the contrary, it was specifically alleged that he was merely trustee by agreement of the parties, which averment the evidence and the court's finding upheld. The quotation above made from it shows that such was the nature of the pleading.

Syphrett, after first saying that before the account sued on by him herein was incurred a suit for an accounting as to the partnership between Mrs. Evans and Payne had been filed in the district court of Jefferson county, further testified:

"Pending this suit, by agreement of the parties, L. G. Ogden, who is sued herein as trustee, was appointed trustee to take full charge of said business and to do all things necessary in winding up the affairs of said business. Acting in said capacity, the said L. G. Ogden paid various bills and incurred further indebtedness as was necessary in carrying out said business and winding up the affairs thereof. The said L. G. Ogden came to me and requested me to continue to furnish W. G. Cooley, a tenant of said partnership, with supplies enabling him to harvest his crop. This I refused to do, but told Mr. Ogden that I would furnish the supplies to him and Mr. Cooley and charge the same to him as trustee. This he said was all right, and whatever supplies I furnished Mr. Cooley he would pay for as trustee out of the funds of said partnership. I furnished these supplies upon the request of Mr. Ogden, as trustee, and charged same to him as well as W. G. Cooley, upon his (Ogden's) promise to pay for same."

The court's finding of fact on this point is this:

"That before the date of the account sued on herein, the said partnership had been thrown into court, and an accounting asked for as between the partners; that by agreement the said L. G. Ogden had been and was appointed trustee of said partnership, with the full powers to conduct the business arising thereunder, and conduct said business until the closing of the same; that he was authorized to incur the indebtedness herein sued on; and that the same was necessary in the conduct and winding up of said affairs."

[1, 2] So that, appellant having been selected as trustee by the members of the partnership themselves with the plenary power they thus specified, and not by the appointment of another court, the claim of a lack of jurisdiction in the Chambers county court on the ground of a prior impounding of the prop-

erty affected by the district court of Jefferson county falls; nor is any reason perceived why Ogden could not both contract and be held answerable for this obligation in his representative capacity without the necessity of joining his principals. They had by reasonable if not necessary implication so commissioned him. To the general rule that in litigation involving a trust estate both the trustee and the beneficiaries should be made parties, there are a number of exceptions, as where, by the terms of the trust, the power to litigate concerning it is expressly conferred upon the trustee, and further where, from the nature and extent of the authority given, that power will be presumed to have been intended. Townes on Texas Pleading, p. 117; Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559. This case, we think, comes clearly within the last-mentioned class.

No other question is raised. All assignments have been overruled, and the trial court's judgment affirmed.

Affirmed.