The judgment is reversed, and the cause remanded.

## J. M. RADFORD GROCERY CO. v. EWING et al.

### No. 4107.

Court of Civil Appeals of Texas. Amarillo.
Nov. 22, 1933.

Rehearing Denied Jan. 8, 1934.

W. E. Lessing, of Abilene, for appellant.

Hamilton, Fitzgerald & Grundy, of Memphis, for appellees.

JACKSON, Justice.

The appellees instituted this suit in the district court of Hall county against appellant and recovered judgment for the sum of $1,200, with interest from the date of the judgment.

They alleged in their second amended original petition: That J. L. McCollum occupied their building in which he conducted his mercantile business in Estelline, Tex., and on April 19, 1931, owed them $1,200 as rent. That on said date his merchandise and fixtures were damaged by fire and that he was insured against the loss by certain insurance policies described in their petition as follows: "Policy No. 28 issued by the Halifax Fire Insurance Co. of Halifax, Nova Scotia; policies Nos. 89130 and 11707, issued by the Colonial Fire Underwriters of Hartford, Conn.; and policy No. 46277 issued by the National Standard Fire Ins. Co. of Houston, Texas; and policy No. 239535, issued by the St. Paul Fire & Marine Insurance Co." That J. L. McCollum on the next day, April 20th, assigned said policies and $4,517.38 of the proceeds thereof to the Estelline State Bank for the benefit of certain creditors, whose names and debts were given in a list attached to the assignment, and among such creditors appellees were named and their debt listed at $1,200. That each creditor named whose debt was given became entitled to a fixed and determined interest in the funds so assigned equal to the stated sum due him. That the aggregate amount so assigned was sufficient to pay each creditor named in full, and appellees accepted under the assignment. That subsequent thereto the appellant represented to J. L. McCollum that it could and would collect the money due on said policies and pay the proceeds collected to the Estelline State Bank for distribution among the creditors. That relying on such representations J. L. McCollum executed an assignment of the insurance policies and the moneys due thereunder to appellant and appointed it his true and lawful attorney to adjust the loss, indorse all checks and vouchers issued in payment thereof, and collect the money, and by virtue thereof the appellant adjusted the insurance and collected $6,862.82, and thereby became bound and liable to appellees for the sum of $1,200, which it refused to pay.

The appellant filed a plea in abatement urging nonjoinder of parties, asking that the Estelline State Bank and the other creditors named in the assignment to the Bank be made parties.

Subject to the plea in abatement, appellant answered by general and special exceptions, general denial, and alleged that on April 1, 1931, McCollum was indebted to it in the sum

of $15,000, for which amount it filed suit in the district court of Taylor county on April 2, 1931, and caused writs of garnishment to be issued, which writs were served on each of the insurance companies on April 22d thereafter, and it thereby acquired a lien on the insurance funds in controversy; that between the date of the fire and the adjustment of the loss appellant was notified that the Estelline State Bank was claiming some character of interest in the funds collected under certain policies; that on November 1, 1931, an agreement was made by the creditors to prorate the proceeds of the insurance among all the creditors, appellant released its garnishment lien, the Estelline State Bank as assignee executed to appellant an assignment of each of said policies and the proceeds to accrue thereunder, which it did as the agent of appellees, who were thereby estopped to claim any benefit under the assignment to the Estelline State Bank.

In response to special issues submitted by the court, the jury found, in effect, that appellees agreed to accept the $1,200 from the proceeds of the insurance policies assigned to the Estelline State Bank; that, after such acceptance, they did not authorize said bank to change the conditions of the assignment nor agree that the total proceeds of the insurance should be prorated among all the creditors, nor agree to accept their pro rata part under such proration agreement; that they had no notice of the bank's transferring the proceeds of the insurance assigned to it to the appellant to be distributed.

On these findings a decree was entered in favor of appellees for the amount sued for, from which judgment this appeal is prosecuted.

Under our view of the record, it is unnecessary to discuss appellant's assignments separately.

The order overruling appellant's plea in abatement discloses that the plea was filed in due time seeking to abate the suit until "parties apparently shown to be necessary parties by the plaintiffs' petition" had been interpleaded, in order that their rights be adjudicated; that the plea was overruled and thereafter plaintiffs amended their second original petition, setting out the names of the creditors in the assignment to the Estelline State Bank, and appellant again urged its plea requesting the suit be abated until it could make the creditors named in such assignment parties to the suit, and the plea was again overruled.

■ Appellant's answer discloses that it had sufficient notice of the assignment to the Estelline State Bank at least to put it on inquiry. An assignment for the benefit of creditors may consist of several instruments. 5 C. J. 1119, § 143. The assignment to the Estelline State Bank was not a general, but a partial or specific, assignment for the benefit

of certain named creditors. 5 C. J. 1036, § 3. Such assignment was not in statutory form (Rev. St. 1925, art. 261 et seq.), but in our opinion was good as a common-law assignment. 5 Tex. Jur. 64, § 6; Johnson v. Robinson, 68 Tex. 401, 4 S. W. 625.

The fire occurred on April 19th, and on the next day J. L. McCollum assigned to the Estelline State Bank policy No. 28, issued by the Halifax Fire Insurance Company, policies Nos. 89130 and 11707, issued by the Colonial Fire Underwriters of Hartford, and policy No. 64277 issued by the National Standard Fire Insurance Company of Houston, and provided that $4,517.38 of the funds received on said policies be paid to eighteen certain named creditors, among which the appellees are named and their debt stated as $1,200.

■ Appellant was appointed attorney in fact by J. L. McCollum under an agreement with certain creditors to collect and distribute the proceeds of all the fire insurance policies covering the loss and damage to the merchandise and fixtures, and, in the adjustment with the various insurance companies, collected on all the policies the aggregate sum of $6,862.82. This amount included the money received in the adjustment on the policies not assigned to the Estelline State Bank as well as those named in said assignment. The total insurance carried exceeded $10,000. Appellant requested a peremptory instruction. The record fails to reveal the amount for which each policy was issued or the amount collected on each policy, and there is no way to determine the amount of money collected on the policies assigned to the Estelline State Bank for the payment of the $4,517.38 to the creditors named in the assignment. Appellant was not permitted to make the other creditors in said assignment parties to the suit, and, in order for appellees to recover their entire $1,200, it was necessary for the record to show, as appellees alleged, that a sufficient sum was collected on the policies assigned to the Estelline State Bank to discharge in full the debts of the creditors therein named. There is no contention that the money collected was a less amount than the insurance companies owed McCollum, and appellant was responsible in its capacity as agent and trustee only for the amount collected, and, if the amount received by it on the policies assigned to the Estelline State Bank was insufficient to pay in full the creditors therein named, appellees would be entitled only to their pro rata part of the money collected on the policies assigned to said bank. It is apparently conceded that the $6,862.82 was the entire amount received on all the policies covering the merchandise and fixtures of J. L. McCollum.

■ The appellant offered testimony intended to disclose how the money it collected on the policies was distributed. It also offered in evidence a judgment of the district court

of Taylor county which, while not necessarily binding on appellees, indicates that the $6,862.82 realized from the insurance consisted of $3,312.68 received from the St. Paul Fire & Marine Insurance Company, $1,656.34 from the Colonial Fire Underwriters, and $1,893.80 from the Halifax Fire Insurance Company, and this testimony on the objection of appellees was excluded by the court. The judgment should have been admitted, since, if true, the recitations therein show the amount received on the insurance policies assigned to the Estelline State Bank was insufficient to pay in full all the creditors named therein. The record shows conclusively, it will be noted, that the policy of the St. Paul Fire & Marine Insurance Company, on which $3,312.68 was collected, was not assigned to the Estelline State Bank, and therefore appellees were not entitled under said assignment to any part thereof.

The judgment is reversed, and the cause remanded.