## MORGENTHAM v. HARRIS et al.

An assignment of property to a creditor, to be sold at public auction, and the proceeds to be applied, *First*, in payment of the claim of such creditor ; and, *Second*, the residue to be distributed *pro rata* among the creditors of such debtor, is not in contravention of the statute, which prohibits assignments by insolvent debtors for the benefit of creditors.

If such creditor were insolvent at the time of the assignment, the party contesting the validity of the assignment should affirmatively show such fact.   The insolvency could not be presumed from the language of the assignment.

APPEAL from the County Court of the City and County of San Francisco.

This was an action of assumpsit, originally commenced in a Justice's Court.

The facts are as follows :

On the fourth of May, 1857, the defendant, Harris, being indebted to Tandler & Co., executed to them a certain instrument, which, after giving a schedule of goods, reads as follows :

" The above mentioned goods, amounting to $1,912.96, I have

delivered into the possession of Messrs. Tandler & Co., to be sold at public auction, and the proceeds thereof to be applied in payment of their claim against me, and any surplus over the amount of their claim to be distributed *pro rata* to my other creditors.

" In witness whereof I have hereunto put my hand and seal.

" San Francisco, May 4th, 1857.

" M. HARRIS, { SEAL }

" Witness, S. V. E. STRUSS."

The goods were delivered to Tandler & Co. under this instrument, who sold them at public auction, and, on the eleventh of May, 1857, after deducting the amount due them, paid over to Harris two hundred and fifty-five dollars and sixty-seven cents, the balance of the proceeds of the sales. An hour or two after the payment of the money to Harris, an order was served upon Tandler & Co. to attend and undergo an examination before a Justice of the Peace, upon proceedings supplementary to execution, concerning property, money, etc., in their hands, belonging or owing to Harris. This order was issued in the present case, which was then pending before said Justice. The Justice ordered Tandler & Co. to pay to plaintiff, Morgentham, the sum of two hundred and six dollars and fifteen cents, the amount of the judgment against Harris. The case was taken to the County Court, but how it got there the record does not disclose. The cause was tried in the County Court without a jury, and judgment rendered for Tandler & Co., reversing the order of the Justice. Plaintiff Morgentham appealed to this Court.

*Sidney V. Smith*, for Appellant.

I. The transfer made by Harris to Tandler & Co., dated May 4th, 1857, was an assignment for the benefit of creditors, and therefore void, as being contrary to the provisions of the Insolvent Law of 1852. Cheever v. Hays, 3 Cal. 471; Grœschen v. Page, 6 Cal. 138.

II. As Tandler & Co. obtained their money under and by virtue of a fraudulent transaction, they cannot retain it as against any creditors who may attack such transaction. They are in such case merely holding the money so received as trustees for the debtors, and liable to attachment at their hands. Van Nest v. Toe, 1 Sand. Ch. R. 4.

*Crockett, Baldwin & Crittenden,* for Respondents.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The assignment by Harris to Tandler & Co., was made to secure his indebtedness to them, and there is no pretense that it was fraudulent in fact. Nor was it in contravention of the statute, which prohibits assignments by insolvent debtors for the benefit of creditors. Harris was not insolvent at the time of its execution; at least there is no evidence in the record that he was. If such were the fact, it should have been affirmatively shown by the appellant who contested the validity of the assignment. His insolvency could not be presumed from the language of the instrument, and the surplus remaining of the proceeds of the goods, after the payment of his debt to Tandler & Co., exceeded the claim of the appellant, who, so far as appears, was his only remaining creditor.

Judgment affirmed.