## THE PEOPLE *v.* ASENCIO.

### APPEAL from the District Court of Mayagüez.

#### No. 244.—Decided May 17, 1910.

CRIMINAL LAW—ARSON—SUFFICIENCY OF VERDICT.—A verdict drawn in the following words: "We, the jury, through the undersigned foreman, find the defendants, Carlos María Asencio, guilty in the second degree, and Francisco Vélez not guilty of the crime of arson," although it is defective in that it is not clear, the defect is not of such a nature as to render the document null and void, because on examination of the whole verdict together it is seen that the jury found Carlos María Asencio guilty of the crime of arson in the second degree.

ID.—SUFFICIENCY OF EVIDENCE TO SUSTAIN VERDICT FINDING THE DEFENDANT GUILTY.—From an examination of the evidence taken at the trial, the conclusion is reached that the fire was not accidental, but intentional, and that the verdict of the jury finding the_defendant guilty is supported by the evidence.

ID.—TESTIMONY OF WITNESSES—OBJECTIONS MADE WITHOUT STATING GROUNDS THEREFOR.—When a party makes objection to the admission of evidence during the trial, he must state his grounds at the time the objection is made. Objections of a general character are not sufficient. A party should point out during the trial the exact part of the evidence to which he objects, as otherwise this court cannot consider the same.

ID.—ADMISSION OF EVIDENCE—FAILURE TO MAKE OBJECTION.—It is a well established principle of law that any probatory testimony may be considered by the court, unless objection is made to the admission thereof. Unless the right to object is exercised, it will be deemed to have been waived.

ID.—CONSENSUS TOLLIT ERROREM.—The foregoing doctrine is an application of the maxim *consensus tollit errorem.*

ID.—TESTIMONY OF WITNESS TO PROVE VOLUNTARY CONFESSION OF ACCUSED.—The testimony of a witness is admissible in evidence where he relates a conversation between the accused and his father as follows: "There is no remedy; we are lost; they have caught us;" because such evidence tends to prove a voluntary confession made by the accused.

The facts are stated in the opinion.

*Mr. Martín Travieso, Jr.,* for appellant.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal taken from a judgment of the District Court of Mayagüez sentencing Carlos María Asencio, convicted of the crime of arson in the second degree, to imprisonment in the penitentiary at hard labor for eight years.

The *fiscal* alleged in his information that said Asencio and Francisco Vélez, of Añasco, the night of December 7, 1909, wilfully and maliciously set fire to a building belonging to Mariano Arburua, occupied by him and his household, with intent to destroy, and in fact did totally destroy the same.

The defendants pleaded not guilty and the trial having been had by jury at their request, Asencio was found guilty of the crime of arson in the second degree and Francisco Vélez was acquitted of the same crime.

The judgment referred to having been rendered on January 21, 1910, the defendant took an appeal to this Supreme Court. The *fiscal* of this court opposed the appeal and the appellant did not file a brief, but he appeared at the hearing, through his attorney, praying for a reversal of the judgment:

1. Because the verdict was fatally defective; and

2. If it should be held that the verdict was proper, because it was not supported by the evidence.

The verdict reads as follows:

"We, the jury, and in its behalf the undersigned foreman, find the defendants, Carlos María Asencio, guilty in the second degree, and Francisco Vélez not guilty of the crime of arson. Mayagüez, January 19, 1910. (Signed) J. Picó, Foreman of the Jury."

And the appellant alleges that in this verdict the defendant is not found guilty of any crime, and that this being the case under the jurisprudence established by this Supreme Court in the cases of Panchito, Leña Verde, and Rosado Colón, decided respectively on June 25, 1904, April 20, 1906, and November 4, 1909, said verdict is null, as is the sentence based thereon.

But if the entire verdict be read, the conclusion will be reached that, although it lacks clearness, this defect is not of such a nature as to imply the nullity of the document. There is no doubt whatsoever as to the decision of the jury. The words "of the crime of arson" refer both to Francisco Vélez and to Carlos María Asencio, and said words, coupled with

those previously expressed, show that the jury found Carlos María Asencio guilty of the crime of arson in the second degree.

Let us see if the evidence is or is not sufficient to support the verdict of guilty.

All the evidence consisted of the testimony of witnesses and it appears in a statement of facts prepared by the defendant, served on the *fiscal* and approved and certified to by the trial judge.

The fact of the fire the night of December 7, 1909, is established by the witnesses for the prosecution as well as by those for the defense.

It appears from the evidence for the prosecution that the building fired was occupied by its owner and his family consisting of his wife and two children, that it was not insured, and that its owner had a *cantina* therein, in which he kept provisions, machines, receipts, documents, and 160 quintals of coffee. These circumstances, together with the fact that the fire started on the outside of the building and the circumstances which we will mention in speaking of the guilt of the appellant, show beyond a reasonable doubt that the fire was not accidental but intentional.

Arburua, the owner of the house destroyed by fire, testified that Carlos María Asencio had attempted to murder him some time ago; that he had continued to be his enemy, and that three days before he had tried to kill a mule belonging to him with a *machete* because it had stepped on some coffee of his. Gregorio Sagardia and José Serrano also testified in an affirmative sense with regard to the enmity.

José Sagardia, a laborer employed by Arburua and entrusted by the latter with watching the building, testified that he saw, from a window, a great light coming from beneath the house, that he supposed it was fire, that he yelled and went downstairs and could see two individuals going out through a field planted in coffee, one of whom was Asencio.

Concepción García, the wife of Arburua, testified that she had not yet retired when she heard the cry of fire by Sagardia, that she immediately opened the window and saw a great light coming from the *cantina* and two men going out through a field planted in coffee, one of whom was Asencio; that said men "were not coming from the house to the road but from behind the house to the coffee plantation to reach the road," that "the *cantina* is in the back part of the house," and that it was out of this place that she saw these two individuals come, who moved along the edge; that she saw them go along the edge in the direction of the *maya* fence, and that after 10 or 12 minutes Asencio appeared and offered her his house, saying that the fire must have been accidental, to which the witness replied that it had been intentional."

Policemen Quiñones and Lebrón testify that when Asencio was arrested he was nervous and restless.

And Juan Méndez heard Asencio, after he had been arrested, answer to questions put by his father: "There is nothing to be done; we are lost; they have caught us."

Considering the evidence as a whole, of which we have given the essential portions, and weighing it with that of the defendant, which consists of the testimony of three witnesses tending to deny that he had made the statements quoted by Méndez, and to prove that at the moment of the fire he was lying down in his store, the conclusion is reached that the verdict of guilty found by the jury is supported by the evidence. The evidence shows more than what the jury found. It shows that the crime was not arson in the second degree but arson in the first degree.

The transcript of the record shows that the appellant took the following exception only: Juan Méndez testified and "the witness having been asked to relate what Asencio and his father said to each other, counsel for the defense objected and took an exception." The witness continued testifying by answers to questions of the *fiscal,* and counsel for the defend-

ant did not object nor did he later ask that the testimony be stricken from the record.

An exception taken in this form cannot and should not be considered by this court. The grounds therefor are not stated. And, furthermore, it is not even stated that the court made any ruling, and if there was no ruling, no exception thereto can be taken.

When a party objects to the admission of evidence during the trial, he must state the ground of his objection at the time of making it. Objections of a general character are not sufficient. The party must indicate with his finger, during the trial, the exact point to which he objects, otherwise this court cannot take it into consideration. (*Martin* v. *Travers,* 12 Cal., 245, cited in the opinion of this court delivered by Mr. Justice Wolf in the case of *Falero et al.* v. *Falero* [15 P. R. Rep., 111], decided February 19, 1909.)

"It is a principle of law that any testimony may be considered by the court, if no objection whatsoever is made to the admission thereof. The right of objection is considered to have been waived if it is not exercised. (*Burton* v. *Driggs,* 20 Wall., 133; *District of Columbia* v. *Woodbury,* 136 U. S., 450, 462; *Patrick* v. *Graham,* 132 U. S., 627; *Coinden* v. *Doremus,* 3 How., 515.) This is an application of the maxim *consensus tollit errorem.*" (*Falero et al.* v. *Falero, supra.*)

But, even though the exception had been well taken, we would be compelled to arrive at the conclusion that no error whatsoever had been committed, in view of the fact that the evidence was admissible. It tended to prove a voluntary admission of the defendant.

Therefore, having examined the entire record without finding that any fundamental error whatsoever has been committed, we are of the opinion that the appeal taken should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.