IBÁÑEZ, PLAINTIFF AND APPELLANT, *v.* DIVIÑO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Nullity of Contract.

No. 1595.—Decided May 22, 1917.

APPEAL—PLEADING—MOTION TO STRIKE OUT—EXCEPTION.—An appellate court will not review the action of the lower court in overruling a motion to strike out the answer and the "new matter" contained in the same when the record does not show that exception was taken to the order of the court overruling the motion, or that the plaintiff was absent when the order was entered; for an order refusing to strike out a pleading is not one of the orders or decisions which are considered excepted to by operation of law.

ID.—EVIDENCE—OBJECTION.—According to jurisprudence, in order that an objection to the admission of evidence may be considered on appeal, it should not only be made to a material point which affects the rights of the parties, but the ground thereof should be specifically stated, for objections of a general character are not sufficient.

SIMULATED SALE — TRANSFER OF OWNERSHIP — EVIDENCE. — When it is alleged that a certain sale of real property was simulated, it cannot be considered impertinent to show by the evidence not only that the transfer of ownership was set out in a public instrument, but that the transfer was actually made, the vendee receiving the products of the property acquired.

The facts are stated in the opinion.

Messrs. Angel A. Vázquez and E. H. F. Dottin for the appellant.

Messrs. José Sabater and Joaquín Martínez Cintrón for the appellee.

Mr. JUSTICE DEL TORO delivered the opinion of the court.

This case originated in a complaint filed by a minor represented by his father, praying that a certain debt acknowledged by the minor's grandfather in wills made by him in 1892, 1898 and 1908 be adjudged false and that a simulated sale of certain real property for the payment of the false debt be held null and void. The pleadings as well as the evidence examined are voluminous. The judgment of the court was against the plaintiff and a transcript of its findings of fact will convey a clear and exact idea of the issues involved in the suit.

"1. Twenty-four years ago, or on June 15, 1892, José Nicanor Pecunia made his will in a public instrument executed before Notary Santiago R. Palmer in this city, which, among other directions, contained the following:

"SPECIAL. He declares that he owes his sister Apolinaria Diviño fifteen thousand dollars, which she has furnished him at different times for the purchase of a rural property, its development and other requirements, and that therefore the said sum shall be paid in preference to all else.

"2. By another public instrument No. 77, executed before Notary Santiago R. Palmer in this city on April 4, 1898, the said José Nicanor Pecunia made another will revoking the one mentioned in the preceding paragraph and, among other things, repeated the special acknowledgment that he owed Apolinaria Diviño the sum of fifteen thousand dollars as stated in his former will.

"3. By public instrument No. 307, executed before Notary Mariano Riera Palmer in this city on May 30, 1908, the said José Ni-

canor Pecunia conveyed to Apolinaria Diviño by absolute title of sale the properties described in paragraph 8 of the amended complaint in settlement of the debt which the grantor had acknowledged originally by his will of June 15, 1892, and later by his second will of April 4, 1898.

"4. By public instrument No. 309, executed before Notary Mariano Riera Palmer in this city on May 31, 1908, the said José Nicanor Pecunia made his last will, which remains in effect, wherein, among other things peculiar to the nature of such an instrument, he stated that he had paid the fifteen thousand dollars which he had acknowledged as owing to his sister Apolinaria Diviño by conveying to her the urban properties referred to.

"5. By public instrument No. 351, executed before Notary Mariano Riera Palmer in this city on June 1, 1910, the estate left by José Nicanor Pecunia at the time of his death was partitioned according to his will of May 31, 1908, mentioned in the foregoing paragraph, the minor plaintiff, represented by his father José Ibáñez, being a party to the partition and receiving the share of the estate left to him by the will.

"6. Since May 30, 1908, when the deed conveying the houses in controversy to Apolinaria Diviño in settlement of the debt was executed, the said houses have been managed by Juan R. Martínez for and in the name of the grantee, Apolinaria Diviño, who received the proceeds and rents therefrom up to the time of her death and exercised acts of ownership over the said property since the said date.

"7. José Nicanor Pecunia died at his plantation known as Rolón on December 7, 1909, and Apolinaria Diviño died in this city on May 1, 1914.

"8. The evidence is contradictory as to the solvency or insolvency of the creditor and grantee, Apolinaria Diviño, for while the plaintiff attempted to prove by his witnesses that Apolinaria Diviño was poor and received assistance from her brother, José Nicanor Pecunia, the defendant submitted the following evidence in rebuttal: The deed of 1875 by which Apolinaria acquired a half interest in the house in this city occupied by Nicanor and Apolinaria and their families, which joint interest she held as owner until 1897, when she sold it to her niece, José Emilia Pecunia. Another deed of the year 1865 by which José Miret sold to Apolinaria and other persons a rural property containing 87 *cuerdas* of land for 8,800 *escudos* of the current money of that time. The testimony of Luisa Pacheco, a person of advanced age, tending to show that Apolinaria had money of

her own and was a hard-working and industrious woman. In view of all of this and after further considering the other evidence as a whole, the court concludes that it has not been proved in connection with this point, to which the greater part of the plaintiff's weak and insufficient evidence was directed, that Apolinaria Diviño was such a poor and insolvent person and lived in the greatest poverty.

"9. There was no evidence, nor has the plaintiff even attempted to show, that there was any fraudulent agreement or conspiracy, as alleged in the complaint, between Apolinaria Diviño and José Nicanor Pecunia to deprive the daughter of the latter, Isabel Georgina Pecunia, of the greater part of her inheritance; nor was there any evidence to show that the acknowledgment of the debt by José Nicanor Pecunia in his will of 1892 was false or simulated, or that the deed of sale in settlement executed by Nicanor in favor of Apolinaria on May 30, 1908, was false and simulated or made to defraud the minor plaintiff, hence the plaintiff also failed to establish his claim on this ground.

"10. As regards the twelfth allegation of the complaint, this was withdrawn by the plaintiff when the defendant began to introduce evidence to disprove it, but the defendant examined all his evidence showing that it was the purchaser, Apolinaria Diviño, who exercised absolute control and disposed of the rents of the urban properties sued for in this action."

The appellant assigns ten errors in his brief which may be considered in three groups, namely: (1) those committed before the trial; (2) those committed in admitting the evidence, and (3) those committed in weighing the evidence.

1. The appellant contends that the district court erred in not striking out the defendant's answer and the "new matter" contained therein.

It does not appear from the bill of exceptions which forms a part of the record that the plaintiff excepted to the order of the court overruling the motion to strike out the answer. The plaintiff's motion is included in the transcript of the record, as is also the order of the court. The latter shows that the motion was argued in open court by the attorneys for both parties and ruled on later by the court, but there is no showing in the record that an exception was taken or that the plaintiff was absent. In such circumstances and

according to law and jurisprudence, we cannot consider, much less decide, the questions raised by the appellant in his brief.

The Supreme Court of California says—

"The refusal of the court to strike out the amended answer and cross-complaint is assigned as a further error. This assignment of error cannot be considered, for the reason that an order *refusing* to strike out a pleading is not one of the orders or decisions which are deemed to have been excepted to by section 647 of the Code of Civil Procedure, except when made in the absence of the party complaining. The record fails to show either that appellant excepted to the ruling of the court, or that he was absent when it was made. No bill of exceptions was prepared embodying the action of the court in the premises, without which the notice, motion to strike out, and order of the court refusing such motion, did not become a part of the judgment-roll under section 670 of the Code of Civil Procedure." *Ganceart* v. *Henry*, 98 Cal. 283.

Sections 647 and 670 of the California Code of Civil Procedure, to which the above decision of the Supreme Court of that State refers, are the same as sections 213 and 223 of our code on that point.

2. Among other documents introduced by the defendant at the trial are the following: (*a*) Instrument No. 354, the will executed by Apolinaria Diviño before a notary in 1911; (*b*) instrument No. 109, in combination with No. 386, both executed before a notary, the first in 1875 and the second in 1897, involving the sale of an urban property; (*c*) deed of sale No. 681 of rural property executed before a notary in 1865, and (*d*) a deed supplementary to the foregoing deed.

Both in the statement of the case and bill of exceptions the defendant asserts only that each of the said documents was offered in evidence and admitted by the court, and that the plaintiff excepted. And this, according to jurisprudence, is insufficient. We quote the following from *Falero* v. *Falero,* 15 P. R. R. 116:

"Mr. Justice Swayne, in *Burton* v. *Driggs,* says as follows:

" 'It is a ruling of law that where a party excepts to the admis-

sion of the testimony he is bound to state his objection specifically, and in a proceeding for error he is confined to the objection so taken.'

"The principle has been also considered in California, where Mr. Justice Field says, in *Kiler* v. *Kimbal,* 10 Cal. 268:

" 'To entitle an objection to notice it must not only be on a material matter, affecting the rights of the parties, but its point must be particularly stated.'

"And also in the case of *Martin* v. *Travers,* 12 Cal. 245, the same judge remarks:

" 'Where a party objects to the admission of evidence on trial, he must state the point of his objection at the time. General objections will not do. The party should lay his finger on the point at the time of the trial; otherwise the court cannot review it.' "

The defendant also offered in evidence instrument No. 309 executed by José Nicanor Pecunia before a notary in 1908, it being his last will in which he states that he had paid Apolinaria Diviño the debt acknowledged in his previous wills, and deed of partition No. 351 of the estate left by said Pecunia at his death, executed before a notary in 1910.

From the statement of the case it appears in regard to instrument No. 309 that "the plaintiff objects to the admission of this document because it is subsequent to the facts alleged in the complaint," and in regard to instrument No. 351, that "the plaintiff objects to the admission of this document because it was executed in 1910." The bill of exceptions is silent as to this.

The court committed no error. Both documents are closely connected with the act which the plaintiff claims was false. Pecunia not only acknowledged the debt which he had contracted with his sister in his wills of 1892 and 1898, but also stated in his last will executed in 1908 that he had paid the same. The partition shows that the directions of the testator were complied with.

The plaintiff objected on the same ground of "posteriority" to the testimony of Juan Ramón Martínez, the manager of the property of the defendant, who testified that the latter had received the income from the property from the

time of its acquisition, and to the admission of the book containing the accounts of said management produced by witness Carmelo Besosa, an employee of Martínez.

Nor, as may be seen, did the court commit the errors attributed to it by the appellant. If he alleged that the sale by Pecunia to his sister was simulated, it cannot be held to be impertinent to show that not only was the transfer of ownership set out in a document, but that it was actually made and that the purchaser received the income from the property acquired.

3. We have examined all the evidence adduced by both parties and, in our opinion, the conclusion finally reached by the district court is correct.

Since the year 1892 Pecunia formally acknowledged that he owed fifteen thousand dollars to his sister, who was living and working with him and continued to live and work with him up to the time of his death, and in 1898 he again formally acknowledged this debt, which he paid ten years later and to which he again referred in the will which was in effect when he died.

It devolved upon the plaintiff to prove the falsity of these acts. The testimony of Josefa González, a woman employed by Pecunia and his sister Apolinaria to nurse the plaintiff, the little motherless grandson of Pecunia who lived at the home of his grandfather, is suspicious. The same is true of the testimony of the plaintiff's father. Both refer to certain confessions of poverty made by Apolinaria Diviño during her life. It can be seen that the district judge, who heard the testimony of both witnesses, gave it no credit.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.