SUCCESSION OF DEL ROSARIO ET AL., PLAINTIFFS AND APPELLANTS,
*v.* ROSALY, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action of
Ejectment and for Damages.

No. 1742.—Decided February 28, 1919.

EJECTMENT—PLEADING—PRESCRIPTION—HYPOTHESIS—ANSWER.—A plea of pre-
scription may be based on a hypothetical fact, for the evidence may show
it to be an absolute and positive fact. Section 114 of the Code of Civil
Procedure provides that the defendant may set forth by answer as many
defenses and counterclaims as he may have, and under such a general statute
a hypothetical plea may be set up without being open to the objection that
thereby the defendant elects at his pleasure the field of action for the con-
troversy.

ID.—ID.—DEMURRER—ANSWER.—When the facts alleged in the answer have a
prima facie tendency to defeat the action a plea that the answer is not
responsive to the complaint will not be sustained.

ID.—ID.—AREA—EVIDENCE—POSSESSION.—Where the property sued for is of
less area than the property held by the defendant and yet he pleads pre-
scription because the former might be included within the latter, evidence
is admissible to prove possession of the larger property.

ID.—ID.—GENERAL DENIAL—EVIDENCE.—In an action of ejectment where the
complaint is drawn up in the usual form, alleging that the plaintiff is the
owner in fee of the property described and that defendant is unlawfully
in possession of it, a general denial allows the admission of evidence of all
that may tend to destroy the title which the plaintiff is seeking to establish
in the action; but when such evidence is prima facie immaterial the court
errs in admitting it, unless its materiality is shown by other evidence.

The facts are stated in the opinion.
*Mr. R. Martínez Nadal* for the appellants.
*Mr. Gustavo Rodríguez* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On September 18, 1915, the heirs of Manuel del Rosario
Rodríguez and Casimira Medina y Díaz, his wife, brought
an action against Manuel Rosaly y Castillo in the District
Court of Ponce for the recovery of a rural property of the
estate, together with its mesne profits during the time of its
detention by the defendant, estimated at $5,000, and damages
in the sum of $1,000.

The material allegations of the complaint are as follows:

That Manuel Rosario Rodríguez died intestate in the year 1877 and his wife, Casimira Medina y Díaz, died intestate ten years later, their sole and universal heirs being the plaintiffs, some *per capita* and some *per stirpes.*

That the only ganancial property left by Manuel del Rosario Rodríguez at his death was a "rural property of four acres, more or less, situated in the ward of Anón, Ponce, and bounded on the north by land of his vendor, Juan Bautista Medina y Rivera, now owned by Manuel Rosaly; on the south by land of Sebastián Playa, now owned by Manuel Rosaly; on the west by land of Ramón Rosaly, now owned by defendant Manuel Rosaly; on the east by property of Juan Diana Santiago, now the Vista Alegre plantation belonging to Asunción Torruella, widow of Valdivieso, and her children."

That Manuel Rosario Rodríguez, the predecessor of the plaintiffs, purchased the said property from Juan Bautista Medina y Rivera, as evidenced by deed No. 394, executed before Notary Juan Mayoral on June 14, 1876, and recorded in the Registry of Property of Ponce on February 8, 1905.

That about the year 1900 defendant Manuel Rosaly y Castillo, by fraud and coaction and by threatening to sue Casimira Medina y Díaz without lawful cause, succeeded in dispossessing her of the said property which belonged to her and her children, thus obtaining possession of the same which since that time he has held in bad faith and without color of title.

That since the said year 1900 the defendant has received the products of the property, the coffee produced thereon being worth $4,500 and the minor crops $500 up to the date of the complaint.

That they estimate the damages in the sum of $1,000.

In his answer the defendant denies all of the material allegations of the complaint and alleges "that he is the owner in fee of a tract of land of seven acres, more or less, situated in the ward of Anón of the municipal district of Ponce, con-

taining coffee, plantains, fruit trees, royal palms and underbrush, bounded on the north and south by defendant's lands; on the east by land of Juan Esteban Morales Cruz, and on the west by the Vista Alegre plantation; that the said property was conveyed to him in payment of a debt in a civil action brought against Casimira Medina, and that when in possession of the property he instituted a dominion title proceeding in the District Court of Ponce, which was approved by a final judgment and recorded in the registry of property on October 2, 1903.

As a special defense the defendant alleges that he acquired the said property prior to October 1, 1903, and has been in quiet, public, peaceful and uninterrupted possession of the same in his own name as owner with color of title and in good faith since that time, and that the former owner, Casimira Medina Díaz, and the plaintiffs have resided in the island and have not absented themselves therefrom during the time of his possession, for which reason the ownership of the said property, if it is a part of the property claimed by the plaintiffs, has been acquired by the defendant by prescription, pursuant to sections 1841 and 1858 of the Civil Code and article 35, paragraph 3, of the Mortgage Law.

The attorney for the plaintiffs moved the court to strike out both the special allegation of the answer and the plea of prescription, alleging in support of the motion that the property described by the defendant is not shown to be the property sued for in the complaint. The motion was overruled on July 26, 1916.

The plaintiffs then excepted to the defendant's answer on the ground that the facts alleged in opposition and as a special plea do not constitute a good defense, because even granting the truth of the allegations of the answer regarding the manner in which the defendant acquired the property described by him, the plaintiffs aver that the said property is the same property sued for and described in the com-

plaint, but that the defendant maliciously changed the area and the boundaries in bringing the dominion title proceeding because he knew that he could not record the property under its true boundaries and area for the reason that it was recorded in the name of Manuel Rosario Rodríguez, the predecessor of the plaintiffs. The plaintiffs add in their exception to the answer that the defendant maliciously and groundlessly brought suit against Casimira Medina to recover a sum of money which had already been paid to him, taking advantage of the loss of the receipt for the same, and that the property attached as belonging to Casimira Medina was the property left by the predecessor of the plaintiffs and no liquidation had been made of the ganancial property of Casimira Medina or any partition of the estate among her heirs, of whom Juan, Alejandro and others were of age.

The court overruled the exception to the answer and ordered the case to trial.

After trial the court, on March 2, 1917, rendered judgment dismissing the complaint and expressly stating that in its opinion the plaintiffs had not established their ownership of the property of four acres sued for in the complaint, for in direct opposition to their allegations and to the evidence introduced by them to prove that they owned the said property it appears from a certificate of the Registrar of Property of Ponce of October 25, 1916, offered by the defendant and admitted in evidence, that on April 19, 1900, Casimira Medina y Díaz, the mother of the plaintiffs, and her children Alejandro, Bautista and Antonio Rosario y Medina, before Notary Felipe Rodríguez in Juana Díaz, Porto Rico, sold to the firm of E. Franceschi & Company, of Juana Díaz, the same property sued for, and the sale was recorded in the Registry of Property of Ponce on June 12, 1900. The court also stated that having reached that conclusion, no further analysis of the case was necessary to support a judgment against the plaintiffs, but nevertheless it desired to

state that all and each of the facts alleged by the defendant in his answer as new matter of defense had been proved satisfactorily.

Counsel for the plaintiffs appealed to this court from that judgment.

Let us examine the grounds of the appeal.

### FIRST.

The court erred in overruling the motion to strike on July 26, 1916.

To refute this assignment of error the argument of counsel for the appellee in his brief filed in this court seems to us to be acceptable:

"It was alleged in the complaint which gave rise to this appeal that the defendant is in possession of a property belonging to the plaintiff succession, and the defendant answered that this was not true. But, as by a judgment of the court in an action against Casimira Medina he had acquired a larger property with similar boundaries in the said ward of Anón and had no knowledge of any other property in the ward belonging to the plaintiff succession, he pleaded that he was in possession of the property and that if it formed part of the property claimed by the plaintiffs, their right had prescribed in favor of the defendant. It is therefore obvious that the defendant here clearly admitted the possession of the property, provided that the property described by him should be shown by the evidence at the trial to be the same as that described in the complaint."

It is immaterial that the prescription is based on a hypothesis, for the result of the evidence may show it to be an absolute and positive fact. Section 114 of the Code of Civil Procedure, which is the same as section 441 of the California Code, provides that the defendant may set forth by answer as many defenses and counterclaims as he may have. Under such a general statute the special plea and the hypothetical defense may be set up in the answer.

The facts of the case support that conclusion, for the

allegation of the defendant that he is the owner in fee of the tract of land which he describes and the hypothetical plea of prescription were not arbitrary and capricious, but were reasonably based on the fact that both properties were bounded on the north and south by property of Manuel Rosaly; that the property of the plaintiffs was bounded on the east by the Vista Alegre plantation, which boundary was that of the defendant's property on the west, and that the property of the plaintiffs was bounded also by that of Manuel Rosaly on the west and the defendant's property was bounded by that of Juan Esteban Morales Cruz on the east. So that three of the boundaries of the property of the plaintiffs are the same as those of the defendant's property, the only difference being that the other boundary of the plaintiffs was the property of Manuel Rosaly and of the defendant the property of Juan Esteban Morales Cruz. In these circumstances, although *prima facie* the two properties were not the same, the defendant might well have had a reasonable doubt as to whether the property of the plaintiffs was the same or formed a part of the property in his possession and hence pleaded prescription in a hypothetical sense. Instead of prejudicing the rights of the plaintiffs, the defendant's plea favored them in a way, for he admitted hypothetically that he was in possession of the property sued for.

It is true that the plaintiff always has the right to elect the field of action and the defendant must defend therein without being allowed to elect a different field at his pleasure, as was said in the case of *Clausells* v. *Ramírez*, 19 P. R. R. 825; but it cannot be said in the present case that the defendant has sought to elect a different field at his pleasure, for the facts do not show it. Moreover, the subsequent allegations and evidence of the plaintiffs show the contrary, notwithstanding neither the one nor the other can serve as

a basis for holding that the court did not commit error in overruling the motion to strike.

SECOND.

The court erred in overruling the exception to the answer.

In order to determine whether the facts alleged in the answer are responsive to the complaint and as a special defense are sufficient for the purposes of the defendant, they should be considered in relation to the complaint without adding other facts which the plaintiffs may wish to allege in opposition to the answer. The facts alleged in the answer tend *prima facie* to defeat the action of ejectment brought by the plaintiffs. If it is true that the defendant is in possession of the property of seven acres which he describes in the answer, acquired in the manner explained, and it is conceded that the four acres which the plaintiffs seek to recover form a part of it, the conclusion is necessary that the defendant is in possession of these four acres of land under a dominion title founded upon the conveyance of that property to him in payment of a debt in an action brought against Casimira Medina. That title, which is not shown by the answer to be insufficient in law for prescription, together with the possession and good faith alleged, is sufficient for prescription and constitutes a good defense, albeit it may be defeated by the evidence introduced by the plaintiffs at the trial.

It is not opportune to consider whether the defendant wilfully misrepresented the area and boundaries of the property referred to when he brought the dominion title proceeding, in order to make it appear that it was not the property claimed by the plaintiffs, nor whether he maliciously brought an unfounded action against Casimira Medina for the recovery of a sum of money which had already been paid to him, nor whether the property levied on to satisfy the judgment in

the said action had been partitioned among the widow and heirs of Manuel Rosario Rodríguez, who left the property at his death. These allegations might serve the plaintiffs against the defense of the defendant, but not as grounds for a plea that the answer is not responsive to the complaint, for, as stated, that plea and the grounds on which it is based must be considered only in relation to the facts set up in the complaint.

THIRD.

The court erred in admitting in evidence a certificate of the Registrar of Property of Ponce showing the dominion title of defendant Manuel Rosaly to a property of seven acres in the ward of Anón, Ponce.

The registrar's certificate introduced in evidence by the defendant refers to a property described as follows:

"RURAL PROPERTY. A piece of land situated in the ward of Anón of the municipal district of this city (Ponce) containing seven acres more or less, equivalent to two hectares, seventy-five ares and three centares, containing coffee, plantains, fruit trees, royal palms and underbrush. It is bounded on the north and south by lands of Manuel Rosaly y Castillo; on the east by property of Juan Esteban Morales y Cruz, and on the west by the Vista Alegre plantation belonging to the Succession of Luis Valdivieso, formerly to Temístocles Laguna."

The exception taken by the plaintiffs to the admission in evidence of that certificate is based on the fact that the certificate refers to a property of seven acres whose area is not the same as that of the property sued for in the complaint and one of the adjoining properties of which is also different, namely, that of Juan Esteban Morales, and that therefore the said certificate cannot be admitted in support of a plea of prescription by possession for more than ten years.

The exception is not sustained by the grounds on which it is based, for in alleging that the answer does not state facts sufficient to constitute an opposition to the complaint

the plaintiffs assert that both properties, the one named in the complaint and the one referred to in the answer, are one and the same, and attempted to show this at the trial. Moreover, the defendant alleged that if the property of seven acres possessed by him takes in the four acres sued for in the complaint, the action of the plaintiffs is extinguished by prescription and therefore the defendant cannot be deprived of the right to prove his ownership of the whole property of seven acres, which is the object of the certificate introduced.

The appellants set up further grounds in their brief in support of their objection to the evidence in question, but as they were not pleaded at the proper time, we must disregard them. "To entitle an objection to notice it must not only be on a material matter affecting the rights of the parties, but its point must be particularly stated." *Killer* v. *Kimbel,* 10 Cal. 268. "When a party objects to the admission of evidence on trial, he must state the point of his objection at the time. * * * The party should lay his finger on the point at the time of the trial; otherwise the court cannot review it." *Martin* v. *Travers,* 12 Cal. 245. These cases were cited by this court in the cases of *Falero* v. *Falero,* 15 P. R. R. 111, and *Ibáñez* v. *Diviñó,* 25 P. R. R. 279.

FOURTH.

The court erred in admitting in evidence a certificate of the Registrar of Property of Ponce showing that the property of four acres described in the complaint was sold to E. Franceschi & Company in the year 1900 by a deed executed before Notary Felipe Rodríguez.

The said certificate refers to a property described as follows:

"RURAL PROPERTY. A piece of land situated in the municipal district of Juana Díaz, ward of Collores, containing four acres, or one hectare, fifty-seven ares, twenty-one centares, containing coffee and bananas, and bounded on the east by lands of Juan Esteban

Morales. formerly of Juan Diana Santiago; on the north by lands of Ramón Rosaly, formerly of Juan Bautista Medina; on the west by lands of the said Rosaly, and on the south by lands of Sebastián Playa.''

The said certificate shows that Casimira Medina y Díaz and her children Alejandro, Bautista and Antonio Rosario y Medina, the mother owning an undivided half and the children an undivided three-sevenths of the said property as the result of the death of their respective husband and father, executed a public deed of sale of the said joint interests before Notary Felipe Rodríguez on April 19, 1900, to the firm of E. Franceschi & Company for the sum of $150, provincial money, which had been received before the execution of the deed.

The admission of the said certificate offered by the defendant was objected to because it shows a boundary on the east with the land of Juan Esteban Morales, which boundary is not shown to exist on the property sought to be recovered; because there is another boundary on the north with lands of Ramón Rosaly, whereas the present boundary is with lands of Manuel Rosaly, formerly of Juan Bautista Rodríguez, and because the former boundary line of Manuel Rosaly was on the west. It is also added by way of objection that the said document cannot affect the rights of any heirs except Alejandro, Juan Bautista and Antonio Rosario Medina; that there has been no testimony of identification which would have been necessary in order to enable the court to arrive at any conclusion from the document, and that the deed of sale to the firm of E. Franceschi & Company has nothing to do with defendant Manuel Rosaly Castillo.

The action was really brought on the theory that the plaintiffs were the owners by inheritance of the property described in the complaint and that the defendant was in unlawful possession of the said property and therefore should restore the same to them together with the mesne profits

and damages caused by its detention. The defendant denied generally the material facts of the complaint, but as new and special matter of defense alleged that he was in possession of the property of seven acres, which he describes in the answer, and that if the property sought to be recovered was included therein he had already acquired the same by prescription. In attacking the answer the plaintiffs stated that the property admittedly in the possession of the defendant was the property sued for, notwithstanding the fact that the area and some of the boundaries were different, and in order to show that the property claimed by them was the same as the property in the possession of the defendant and also to prove their right to the indemnity prayed for, they introduced oral evidence consisting of the testimony of a number of witnesses, while the defendant introduced documentary evidence consisting of the execution proceedings against Casimira Medina in which the property in his possession was conveyed to him, and of a certificate of the record in his name of said property in the registry under a dominion title proceeding brought for that purpose.

As is seen, the evidence of the plaintiffs and of the defendant to which we allude was concentrated upon what properly constituted the specific issue, but as the answer contained a general denial of the facts set up in the complaint, all evidence tending to support the same was admissible; for under a general denial the defendant may properly introduce affirmative evidence if its tendency is to contradict the facts alleged by plaintiff. 31 Cyc. 693.

In an action to recover possession of real property, if the complaint is in the usual form, merely averring that the plaintiff is the owner in fee of the property described and entitled to its possession and that the defendant unlawfully holds possession, the general denial admits proof of anything that tends to defeat the title which the plaintiff at-

tempts to establish at the trial. Pomeroy's Code Remedies, section 555.

Under the foregoing principles there is no doubt that the defendant was entitled to introduce evidence to show that not he but another and different person was in possession of the property claimed and consequently to prove under his general denial that the firm of E. Franceschi & Company was the lawful owner and possessor of the land in question when the plaintiffs filed the complaint, and he was not bound to allege specifically that fact as new matter in opposition to the complaint.

And the court would have acted within its power in admitting said evidence if it could have been deduced from the face of the certificate that it referred to the same property which the plaintiffs sought to recover. This not being the case, however, as the boundaries were not the same and since the municipal wards and districts in which the properties were located were different, the property described in the complaint being situated in the ward of Anón, municipal district of Ponce, and the property referred to in the certificate in the ward of Collores of Juana Díaz, the objection on that ground to the admission of said certificate was well founded and the court erred in admitting it.

### FIFTH.

The court erred in overruling the motion for reconsideration of the ruling of the court in admitting in evidence the deed of sale to E. Franceschi & Company.

As the defendant produced no evidence tending to show that the property referred to in the certificate was the same as that described in the complaint, the court erred in not ordering the said certificate to be stricken from the evidence introduced at the trial.

The error under consideration, as well as the preceding one, was material, for they prejudiced the rights of the ap-

pellant to the extent that the court based its decision precisely on the probatory value of the said certificate, when all of the evidence introduced by the plaintiffs tended to show that the property claimed was the property in the possession of Manuel Rosaly and not the property in the possession of the firm of E. Franceschi & Company.

### SIXTH.

The court erred in weighing the evidence introduced by both parties.

There is no need for us to consider this assignment because the judgment should be reversed and a new trial ordered by reason of the fourth and fifth errors committed by the lower court.

The judgment appealed from should be reversed and the case remanded for a new trial.

*Reversed and remanded.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.