Sucesión del Rosario et al., Demandantes y Apelantes
*v.* Rosaly, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre reivindicación y daños y perjuicios.

No. 1742.—Resuelto en febrero 28, 1919.

Alegaciones—Prescripción—Hechos Hipotéticos—Contestación.—Es admisible la alegación de prescripción basada en un hecho hipotético, pues las pruebas pueden convertirlo en un hecho absoluto y positivo.  El artículo 114 del Código de Enjuiciamiento Civil prescribe que el demandado podrá deducir en su contestación todas las alegaciones en contrario y reconvenciones que tuviere, y bajo precepto tan general tiene cabida la alegación hipotética, sin que pueda decirse que con ella el demandado elige a su capricho el campo de acción para el torneo judicial.

ID.—EXCEPCIÓN PREVIA A LA CONTESTACIÓN.—Cuando los hechos alegados en la contestación tienden *prima facie* a destruir la acción, no procede contra aquélla la excepción de no constituir una oposición a la demanda.

ID.—REIVINDICACIÓN—CABIDA DE LA FINCA—EVIDENCIA SOBRE LA POSESIÓN.— Cuando a pesar de tener la finca que se trata de reivindicar menor cabida que la que posee el demandado, éste alega la defensa de prescripción por ser posible que aquella finca esté comprendida dentro de ésta, es admisible evidencia para probar la posesión de la de mayor cabida.

ID.—PRUEBA IMPERTINENTE.—En una acción reivindicatoria, si la demanda está redactada en la forma corriente, alegando que el demandante es dueño en pleno dominio de la finca descrita, y que el demandado ilegalmente la detenta, la negación general de la demanda admite prueba de todo lo que sea tendente a destruir el título que el demandante trata de establecer en el juicio. Pero cuando esa prueba es *prima facie* impertinente, comete error la corte al admitirla, a menos que mediante prueba adicional, se demuestre su pertinencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. R. Martínez Nadal.*

Abogado del apelado: *Sr. Gustavo Rodríguez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 18 de septiembre de 1915 la sucesión de los consortes Manuel del Rosario Rodríguez y Casimira Medina y Díaz inició pleito ante la Corte de Distrito de Ponce contra Manuel Rosaly y Castillo para obtener la reivindicación de una finca rústica de la propiedad de sus causantes, restitución del valor de los frutos producidos por dicha finca durante su detentación por el demandado, apreciados en $5,000, y pago de $1,000 más en concepto de daños y perjuicios.

Las alegaciones fundamentales de la demanda son las siguientes:

Que los consortes Manuel Rosario Rodríguez y Casimira Medina y Díaz fallecieron, el primero en el año de 1877, y la segunda haría diez años, sin haber otorgado testamento, siendo sus únicos y universales herederos, unos por cabeza y otros por estirpe, los demandantes.

Que a su fallecimiento Manuel del Rosario Rodríguez dejó como único caudal adquirido durante su matrimonio con Casimira Medina y Díaz, una "finca rústica de cuatro cuerdas más bien más que menos de cabida, fincadas de café y plá-

tanos, en el barrio del Anón de Ponce, colindando por el norte con el vendedor Juan Bautista Medina y Rivera, hoy Manuel Rosaly; por el sur, con don Sebastián Playa, hoy con don Manuel Rosaly; por el oeste con don Ramón Rosaly, hoy el demandado Manuel Rosaly; y por el este con Juan Diana Santiago, hoy con la hacienda "Vista Alegre", de doña Asunción Torruella, viuda de Valdivieso, y sus hijos."

Que el causante de los demandantes, Manuel Rosario Rodríguez, hubo la finca descrita por compra a Juan Bautista Medina y Rivera, según escritura No. 394 otorgada el 14 de junio de 1876 ante el notario don Juan Mayoral, cuyo documento fué inscrito en el Registro de la Propiedad de Ponce en 8 de febrero del año 1905.

Que por el año 1900 el demandado Manuel Rosaly y Castillo, por medio de engaños, ejerciendo coacción y amenazando con acciones judiciales sin causa legal para ellas, a Casimira Medina y Díaz, consiguió sacarla de dicha finca, propiedad de ella y de sus hijos, y así se apoderó de ella detentándola ilegalmente desde entonces, sin justo título y de mala fe.

Que desde el año expresado, 1900, el demandado se ha beneficiado de los frutos de la finca, de los cuales el café representa la cantidad de $4,500 y los frutos menores $500 hasta la fecha de la demanda.

Y que estiman los daños y perjuicios causados en la cantidad de $1,000.

El demandado al contestar la demanda niega todos los hechos que la fundamentan y además alega "que es dueño en pleno dominio y legítima propiedad de un trozo de terreno de 7 cuerdas más o menos, radicado en el barrio del Anón del término municipal de Ponce, fincado de café, plátanos, árboles frutales, palmas de yaguas y maleza, lindando por norte y sur con terrenos del demandado; por el este con Juan Esteban Morales Cruz; y por el oeste con la hacienda "Vista Alegre"; que dicha finca le fué adjudicada en pago de deuda en pleito civil seguido con doña Casimira Medina en cobro

de pesos; y que una vez en posesión de la finca promovió información de dominio de la misma ante la Corte de Distrito de Ponce, la que declaró probado el dominio por sentencia firme, habiéndolo inscrito en el registro de la propiedad con fecha 2 de octubre de 1903.''

Como defensa especial alega el demandado que desde la adquisición de la finca descrita, que fué anterior al 1°. de octubre de 1903, la viene poseyendo a nombre propio a título de dueño, quieta, pública y pacíficamente, sin interrupción, con justo título y de buena fe, habiendo vivido siempre la anterior dueña, Casimira Medina Díaz, y los demandantes en la isla, sin ausentarse de ella, por cuya razón el dominio de la finca descrita, si forma parte de la reclamada por los demandantes, ha prescrito en favor del demandado de acuerdo con lo que prescriben los artículos 1841 y 1858 del Código Civil vigente y 35 de la Ley Hipotecaria, párrafo 3°.

La representación de la parte demandante presentó moción a la corte para que fueran eliminadas tanto la alegación específica de la contestación a la demanda como la defensa especial de prescripción, alegando al efecto que no aparece que la finca descrita por el demandado sea la misma descrita en la demanda, que se trata de reivindicar. Dicha moción fué declarada sin lugar por orden de 26 de julio de 1916.

A la contestación del demandado opusieron entonces los demandantes la excepción de que los hechos alegados como materia de oposición y como defensa especial no constituyen una buena defensa porque aun en la hipótesis de que fueran ciertos los hechos expuestos en la contestación acerca de la forma como adquirió el demandado la finca que describe, los demandantes afirman que dicha finca es la misma que tratan de reivindicar y describen en la demanda, y que el demandado cambió maliciosamente la cabida y las colindancias al promover el expediente de dominio en atención a que no podía inscribirla con sus verdaderas colindancias y cabida por estar inscrita a nombre de Manuel Rosario Rodríguez, causante de los demandantes. Agregan además los deman-

dantes en su impugnación a la contestación que el demandado promovió sin causa y maliciosamente un pleito contra Casimira Medina en cobro de una cantidad que ya le había sido pagada, aprovechando la circunstancia de haberse extraviado el recibo de saldo, y que la finca que embargó como de Casimira Medina era la dejada por el causante de los demandantes sin que se hubiera hecho la liquidación de gananciales de Casimira Medina ni la partición de bienes de la herencia entre sus herederos, de los cuales, Juan, Alejandro y otros eran mayores de edad.

La impugnación a la contestación fué declarada sin lugar por la corte, ordenando ésta se procediera a la vista del caso.

Celebrado el juicio, la corte dictó sentencia en dos de marzo de 1917, por la que declara sin lugar la demanda, consignando por modo expreso, en su opinión, que los demandantes no han probado el dominio sobre la finca de cuatro cuerdas que reclaman en la demanda, pues en oposición abierta a lo alegado por los demandantes y a la prueba que presentaron para demostrar que son dueños de dicha finca, aparece de una certificación expedida por el Registrador de la Propiedad de Ponce en 25 de octubre de 1916, presentada por el demandado y admitida en evidencia, que Casimira Medina y Díaz, madre de los demandantes, y sus hijos Alejandro, Bautista y Antonio Rosario y Medina, en 19 de abril del año 1900 y ante el notario don Felipe Rodríguez, en Juana Díaz, Puerto Rico, vendieron a la sociedad mercantil E. Franceschi & Compañía, de Juana Díaz, la misma finca rústica que se trata de reivindicar, cuya venta fué inscrita en el Registro de la Propiedad de Ponce el 12 de junio de 1900. La corte expresa, además, que habiendo llegado a la anterior conclusión no necesita analizar más en el caso para dictar una sentencia en contra de los demandantes, no obstante lo cual quiere hacer constar que resultan probados satisfactoriamente todos y cada uno de los hechos alegados por el demandado como materia nueva en su contestación.

Contra la sentencia pronunciada interpuso la representa-

ción de la parte demandante recurso de apelación para ante esta Corte Suprema.

Examinemos los motivos del recurso.

*Primer motivo.*—La corte erró al declarar sin lugar la moción eliminatoria por orden de 26 de julio de 1916.

Para combatir el error apuntado nos parecen aceptables las manifestaciones hechas por la representación del demandado apelado en su alegato escrito ante esta corte:

"En la demanda que motiva este recurso se alega que el demandado detenta una finca de la sucesión demandante, cuya finca se describe, y el demandado contestó que esto no era cierto. Pero como él había adquirido por adjudicación judicial en pleito contra Casimira Medina una finca en el mismo barrio Anón, de mayor cabida pero de colindancias similares, y el demandado no conocía en el barrio otros bienes pertenecientes a la sucesión demandante, alegó que poseía esa finca adjudicádale y si ella formaba parte de la que reclamaban los demandantes, había prescrito entonces a favor del demandado. Se ve pues que el demandado aquí admitió claramente la posesión de la finca para los efectos de su posesión siempre que la descrita por él resultare de las pruebas del juicio que era la misma que se describía en la demanda."

No importa que la prescripción se base en un hecho hipotético pues el resultado de las pruebas puede convertirlo en absoluto y positivo. El artículo 114 de nuestro Código de Enjuiciamiento Civil, equivalente al 441 del de California, prescribe que el demandado en su contestación podrá deducir todas las alegaciones en contrario y reconvenciones que tuviere. Bajo precepto tan general tienen cabida la alegación especial y defensa hipotética comprendidas en la contestación a la demanda.

Las circunstancias del caso abonan dicha conclusión, pues la alegación del demandado de ser dueño en pleno dominio del trozo de terreno que describe y la excepción hipotética de prescripción no eran arbitrarias y caprichosas, sino que tenían fundamento racional en el hecho de que ambas fincas colindaban por el norte y sur con Manuel Rosaly, la del demandante por el este con la hacienda "Vista Alegre," cuya co-

lindancia era la misma de la finca del demandado por el oeste, colindando la finca del demandante por el oeste también con Manuel Rosaly y la del demandado por el.este con Juan Esteban Morales Cruz. De modo que tres colindantes de la finca del demandante son iguales a la de la finca del demandado, no habiendo más diferencia, que la de que el otro colindante por parte del demandante era también Manuel Rosaly, y del demandado, Juan Esteban Morales Cruz. En esas condiciones, aunque *prima facie* ambas fincas no fueran idénticas bien podía el demandado abrigar duda racional de si la finca del demandante era la misma, o formaba parte de la que estaba poseyendo, y alegar por tanto la prescripción en sentido hipotético. La alegación del demandado, lejos de causar perjuicio alguno al demandante, en cierto modo favorecía a éste, dado que admitía aunque hipotéticamente, estar poseyendo la finca que se reclamaba.

Ciertamente que en todo juicio, el demandante es el que tiene derecho a elegir el campo de acción y en ese campo es que debe batirse el demandado, sin que le sea permitido elegir a su capricho otro campo distinto, como ya dijimos al resolver el caso de *Clausells* v. *Ramírez,* 19 D. P. R. 859; pero no puede, en el caso presente, decirse que el demandado ha tratado de elegir a su capricho otro campo distinto para el torneo judicial, pues las circunstancias expuestas no lo demuestran. Aun más, las posteriores alegaciones del demandante y sus pruebas revelan lo contrario, por más que ni las unas ni las otras nos sirvan de base para apreciar que la corte no cometió error al dictar la orden denegatoria de eliminación.

*Segundo motivo.*—La corte erró al declarar sin lugar la excepción previa alegada por los demandantes contra la contestación a la demanda.

Para apreciar si los hechos alegados en la contestación como materia de oposición a la demanda y como defensa especial son o no suficientes a los fines que persigue el demandado, deben ser examinados aquéllos en relación con la de-

manda, sin adicionar otros que el demandante plegue alegar para impugnar la contestación. Los hechos alegados en la contestación tienden *prima facie* a destruir la acción reivindicatoria que ejercitan los demandantes. Si es cierto que el demandado posee la finca de 7 cuerdas que describe en la contestación, adquirida del modo que explica, y se admite que en ellas están comprendidas las 4 cuerdas que tratan de reivindicar los demandantes, es forzoso concluir que el demandado está poseyendo esas 4 cuerdas de terreno a virtud de un título de dominio originado por su adjudicación en pago en pleito seguido contra Casimira Medina en cobro de pesos. Dicho título que la contestación no demuestra ser ineficaz en derecho para la prescripción, juntamente con la posesión alegada y la buena fe también invocada, es bastante para la prescripción y constituye una buena ·defensa sin perjuicio de que ésta pueda ser contrarrestada por el mérito de las pruebas que aportaran al juicio los demandantes.

No es el momento oportuno para discutir si el demandado nombró maliciosamente la cabida y colindancias de la finca a que se refiere, al promover el expediente de dominio, para evitar apareciera ser la misma que reclaman los demandantes, ni si promovió sin causa y maliciosamente el pleito contra Casimira Medina en cobro de una cantidad que ya le había sido pagada, ni si la finca embargada para ejecutar la sentencia pronunciada en dicho pleito, que dejó Manuel Rosario Rodríguez a su fallecimiento, había sido dividida entre la viuda y herederos de Rodríguez. Esas alegaciones podrán servir a los demandantes en contra de la defensa del demandado pero no para oponer a la contestación la excepción de no constituir una oposición a la demanda, pues para considerar esa excepción debemos atender únicamente como hemos dicho antes a las alegaciones que la fundamentan en relación con las de la demanda.

*Tercer motivo.*—La corte erró al admitir en evidencia una certificación del Registrador de la Propiedad de Ponce, credi-

tiva del título de dominio del demandado Manuel Rosaly sobre una finca de 7 cuerdas en el barrio de Anón, de Ponce..

La certificación del Registrador de la Propiedad de Ponce presentada en evidencia por el demandado se refiere a una finca descrita así: "Rústica. Trozo de terreno radicado en el barrio de Anón del término municipal de esta ciudad (Ponce) con cabida de 7 cuerdas más o menos, equivalente a 2 hectáreas, 75 áreas y 3 centiáreas, fincada de café, plátanos, árboles frutales, palmas de yagua y maleza. Linda por el norte y sur con terrenos de don Manuel Rosaly y Castillo; por el este con finca de Juan Esteban Morales y Cruz; y por el oeste con tierras de la hacienda "Vista Alegre" de la sucesión de don Luis Valdivieso, antes de don Temístocles Laguna."

La excepción tomada por la representación de los demandantes contra la admisión de la anterior certificación en evidencia se funda en que dicha certificación se refiere a una finca de 7 cuerdas, con cabida distinta de la reclamada en la demanda y también con una colindancia distinta cual es la de Juan Esteban Morales, no pudiendo por tanto admitirse para sostener una defensa de prescripción por posesión de más de diez años.

La excepción no se sostiene por los motivos en que descansa pues los demandantes al alegar que la contestación no expone hechos suficientes para constituir una oposición a la demanda afirman que ambas fincas, la de la demanda y la de la contestación, son una misma, y así han tratado de demostrarlo en el acto del juicio. Además el demandado ha alegado que si de la finca de siete cuerdas que posee forman parte las cuatro cuerdas reclamadas en la demanda, la acción de los demandantes se ha extinguido por prescripción, y por tanto no puede privarse al demandado del derecho de justificar el dominio de la totalidad de la finca de 7 cuerdas que es a lo que tiende la certificación presentada.

Invoca la parte apelante en su alegato escrito otras razones para sostener su excepción a la prueba de que se trata, pero hacemos caso omiso de ellas por no haberse alegado

oportunamente. "Para que una objeción pueda ser considerada no solamente debe ser sobre un punto sustancial que afecte los derechos de las partes, sino que también el fundamento de la misma debe expresarse precisamente." *Killer* v. *Kimbal,* 10 Cal. 268. "Cuando una parte presenta objeción a la admisión de prueba durante el juicio, debe expresar el fundamento de su objeción al tiempo de formularla * * *. La parte debe señalar con su dedo durante el juicio el punto preciso contra el cual objeta; de otro modo la excepción no podrá ser tomada en consideración." *Martin* v. *Travers,* 12 Cal. 245. La doctrina expresada fué invocada por esta misma corte en los casos de *Falero* v. *Falero,* 15 D. P. R. 124, e *Ibáñez* v. *Diviñó,* 25 D. P. R. 303.

*Cuarto motivo.*—La corte erró al admitir en evidencia una certificación del Registrador de la Propiedad de Ponce creditiva de que la finca de cuatro cuerdas descrita en la demanda fué vendida a E. Franceschi & Co. en el año 1900 por escritura ante el notario Felipe Rodríguez.

La certificación a que alude la parte apelante se refiere a una finca con la siguiente descripción: "Rústica. Predio de terreno que radica en el término municipal de Juana Díaz, barrio de Collores, con cabida de 4 cuerdas, equivalentes a una hectárea, 57 áreas, 21 centiáreas, conteniendo fincas de café y guineos, colindando al este con terrenos de Juan Esteban Morales, antes Juan Diana Santiago, al norte con los de don Ramón Rosaly, antes Juan Bautista Medina, al oeste el mismo Rosaly y al sur los de don Sebastián Playa." Según expresa dicha certificación, Casimira Medina y Díaz y sus hijos Alejandro, Bautista, y Antonio Rosario y Medina, como dueños, la primera de la mitad indivisa de la finca y los otros tres de tres séptimas partes indivisas de la misma por consecuencia del fallecimiento de su esposo y padre respectivamente, vendieron los expresados condominios por escritura pública de 19 de abril de 1900, ante el notario don Felipe Rodríguez, a la sociedad mercantil E. Franceschi & Cía. por precio

de 150 pesos moneda provincial, recibidos antes del otorgamiento de la escritura.

La admisión de la anterior certificación presentada por el demandado fué excepcionada porque del mismo documento aparece una colindancia al este con terrenos de Juan Esteban Morales, cuya colindancia no aparece en la finca materia de reivindicación; porque hay otra colindancia al norte con terrenos de don Ramón Rosaly cuando al Norte colinda hoy con terrenos de don Manuel Rosaly, antes Juan Bautista Rodríguez; y porque la colindancia anterior de don Manuel Rosaly era al oeste. Agrégase además como motivos de excepción, que el documento presentado no puede afectar los derechos de otros herederos que no sean Alejandro, Juan Bautista y Antonio Rosario Medina, que no se ha probado con testigos la identificación que hubiera sido necesaria hacer para que la corte con ayuda de esas declaraciones pudiera llegar a cualquiera conclusión con vista del documento y que la escritura de venta a la mercantil E. Franceschi & Cía. nada tiene que ver con el demandado Manuel Rosaly Castillo.

El juicio realmente fué establecido bajo la teoría de que los demandantes eran dueños por título hereditario de la finca que describen en la demanda y de que el demandado estaba poseyendo ilegalmente esa finca y debía por tanto restituirla a aquéllos con la indemnización correspondiente por razón de los frutos de que se había aprovechado y de los daños causados con la detentación. El demandado negó en términos generales los hechos fundamentales de la demanda, pero como materia nueva y defensa especial alegó que estaba en posesión de la finca de 7 cuerdas que describe en la contestación y que si en ella estaba comprendido el terreno que se trataba de reivindicar lo había adquirido ya por prescripción. Manifestaron los demandantes al impugnar la contestación que la finca que confesaba poseer el demandado era la que trataban de reivindicar no obstante ser distinta la cabida y diversas las colindancias, y para identificar la finca reclamada con la que poseía el demandado, como también para

demostrar su derecho a la indemnización pedida, produjeron prueba testifical constituída por las declaraciones de algunos testigos, mientras que el demandado a su vez aportó prueba documental consistente en las diligencias del juicio ejecutivo seguido contra Casimira Medina en el que le fué adjudicada la finca que posee, y en la certificación de la inscripción a su favor en el registro, de esa misma finca, mediante expediente de dominio instruído al efecto.

Como se ve las pruebas de las partes demandante y demandada a que hemos hecho referencia giraron sobre lo que propiamente constituía la materia específica litigiosa; pero como la contestación entrañaba una negación general de los hechos alegados en la demanda dentro de esa alegación general cabía y era admisible toda prueba que tendiera a sostenerla, pues bajo una negación general el demandado puede propiamente introducir prueba de materias afirmativas si tendieren a controvertir los hechos alegados por el demandante. 31 Cyc. 693—94.

En una acción para recuperar la posesión de fincas, si la demanda está redactada en la forma corriente alegando meramente que el demandante es dueño en pleno dominio de la finca descrita y con derecho a su posesión y que el demandado ilegalmente detenta la posesión de la misma, la negación general admite prueba de todo lo que sea tendente a destruir el título que trata el demandante de establecer en el juicio. Pomeroy Code Remedies, sección 555, p. 781.

Bajo los anteriores principios es incuestionable que el demandado tenía derecho a suministrar pruebas justificativas de que no él sino otra persona distinta estaba poseyendo la finca reclamada y por tanto bajo su negación general podía probar que a la fecha en que el demandante había radicado su demanda era la sociedad E. Franceschi & Cía. la legítima dueña y poseedora del terreno en cuestión, sin necesidad de que hubiera alegado específicamente ese hecho como materia nueva de oposición a la demanda.

Y la corte hubiera procedido con razón derecha al admitir

dicha prueba si de la faz de la certificación se hubiera desprendido que se refería a la misma finca que reclamaba el demandante; pero como no fué así, pues las colindancias no eran idénticas y eran distintos los barrios y términos municipales en que ambas fincas estaban situadas, radicando la finca descrita en la demanda en el barrio de Anón, término municipal de Ponce, y la descrita en la certificación en el barrio de Collores, de Juana Díaz, la excepción por ese fundamento a la admisión de la certificación aludida estaba bien fundada y la corte procedió erróneamente al admitir dicha certificación.

*Quinto motivo.*—La corte cometió error al denegar la moción solicitando la reconsideración de la resolución por la que admitió en evidencia el título de venta a favor de E. Franceschi & Cía.

Como la parte demandada no practicó prueba tendente a demostrar que la finca a que se refería la certificación y la descrita en la demanda eran las mismas, la corte cometió error al no disponer que fuera eliminada del juicio la expresada certificación.

El error que discutimos y el anterior fueron sustanciales, pues perjudicaron los derechos de la parte apelante hasta el extremo de que la corte decidiera el caso fundándose precisamente en el resultado probatorio de la certificación de que se trata cuando todas las pruebas suministradas por la parte demandante tendían a justificar que la finca reclamada era la poseída por Manuel Rosaly y no por la sociedad E. Franceschi & Cía.

*Sexto motivo.*—La corte erró al apreciar la prueba ofrecida por ambas partes.

Nos abstenemos de prestar consideración al anterior motivo en que se funda el recurso por ser innecesario en atención a que en vista de los errores cuarto y quinto cometidos por la corte inferior debe revocarse la sentencia y procederse a la celebración de nuevo juicio.

Es de revocarse la sentencia apelada y procederse a la celebración de un nuevo juicio.

*Revocada la sentencia apelada y ordenada la celebración de un nuevo juicio.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.